Toby J. ESPINOZA, Plaintiff–Appellant,

v.

UNITED STATES of America, Defendant–Appellee.

No. 94–1438.

United States Court of Appeals, Tenth Circuit.

April 4, 1995.

Toby J. Espinoza, pro se.

Henry L. Solano, U.S. Atty., Michael E. Hegarty, Asst. U.S. Atty., Denver, CO, for defendant-appellee.

Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.*

HENRY, Circuit Judge.

The plaintiff-appellant in this case, Toby Espinoza, appeals the district court's dismissal without prejudice of his claim against the United States. The district court held that Mr. Espinoza had failed to timely effect service of the summons and complaint under Fed.R.Civ.P. 4. Because we hold that the 1993 amendments to the Federal Rules of Civil Procedure substantially expanded the scope of the district court's discretion under this rule, and because the new rule should have been applied to Mr. Espinoza's claim, we remand the case for reconsideration of the government's motion to dismiss.

## BACKGROUND

On March 26, 1993, Mr. Espinoza filed this action against the Department of Veterans Affairs and two individual physicians. Proceeding pro se, he alleged that in 1956 he was exposed to harmful levels of radiation during treatment for arthritis at the Denver Veterans Administration Medical Center.[1] Mr. Espinoza asserted claims for medical malpractice and for the violation of his right to due process under the United States Constitution. Mr. Espinoza filed an amended complaint in September 1993. On September 14, 1993, Mr. Espinoza mailed the summons and complaint to the Attorney General of the United States via certified mail. On September 25, 1993, he mailed the summons and complaint to the Veterans Administration Hospital Director, also by certified mail. On November 3, 1993, Mr. Espinoza served the summons and complaint upon the United States Attorney.[2]

The United States subsequently filed both a motion requesting that it be substituted as the sole defendant and a motion to dismiss the claim based on Mr. Espinoza's failure to timely effect service in compliance with former Fed.R.Civ.P. 4(j) (1987).[3] Mr. Espinoza alleged that he had attempted to mail a copy of the complaint to an office of the Veterans Administration within 120 days of the filing of the original complaint. However, a magis-

---

* After examining the briefs and the appellate record, this panel has unanimously determined that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

1. In 1990, Mr. Espinoza requested assistance from the Disabled American Veterans National Service Office (DAV) in pursuing his claim against the Veterans Administration. Upon reviewing Mr. Espinoza's medical records, the DAV determined that there was probably a causal relationship between the radiation treatments and Mr. Espinoza's subsequent development of basal cell carcinoma. Mr. Espinoza also alleged in his complaint that the radiation caused a number of other medical problems.

2. Fed.R.Civ.P. 4(i) requires delivery of the summons and complaint to the United States Attorney and to the Attorney General in order to properly effect service upon the United States. Prior to the 1993 amendments to the Federal Rules of Civil Procedure, this rule was codified as Fed.R.Civ.P. 4(d)(4) (1987).

3. Fed.R.Civ.P. 4(j) (1987) was amended in 1993 and is now codified as Fed.R.Civ.P. 4(m). This rule governs the time limit for service of the summons and complaint in civil cases.

trate judge found that "no service was made on any of the necessary government personnel in this case until September 14, 1993, well in excess of 120 days after the filing of the [original] Complaint on March 26, 1993." Aplee. App. at 14. The magistrate recommended that the district court grant the government's motion to dismiss the claim because of Mr. Espinoza's failure to timely effect service under Fed.R.Civ.P. 4(j) (1987).[4] The district court adopted the magistrate's recommendation in substantial part,[5] and dismissed the case without prejudice for failure to timely effect service under Fed.R.Civ.P. 4(j) (1987).[6]

We review the district court's dismissal for untimely service for an abuse of discretion. *Jones v. Frank,* 973 F.2d 872, 872 (10th Cir.1992). We review the district court's interpretation of the federal rule de novo. *See F.D.I.C. v. Canfield,* 967 F.2d 443, 445 (10th Cir.), *cert. dismissed,* —— U.S. ——, 113 S.Ct. 516, 121 L.Ed.2d 527 (1992).

## DISCUSSION

### The 1993 Amendments to the Federal Rules of Civil Procedure

Although the district court relied on Fed.R.Civ.P. 4(j) (1987), this rule was amended and recodified in 1993 and is now Fed.R.Civ.P. 4(m). Rule 4(m) provides in part:

If service of the summons and complaint is not made upon the defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

*Id.*

In *Petrucelli v. Bohringer & Ratzinger, GMBH,* 46 F.3d 1298 (3d Cir.1995), the Third

Circuit recently discussed the effect of the 1993 amendment. As a preliminary matter, the court held that Rule 4(m) retroactively applied in that case from the amendment's effective date, December 1, 1993. We similarly hold that Rule 4(m) applies to Mr. Espinoza's claim. As the *Petrucelli* court noted, the Supreme Court order adopting this and other amendments to the Federal Rules of Civil Procedure specifically stated that these amendments "shall take effect on December 1, 1993, and shall govern all proceedings in civil cases thereafter commenced and, insofar as just and practicable, all proceedings in civil cases then pending." The Order of the United States Supreme Court Adopting and Amending the Federal Rules of Civil Procedure (April 22, 1993), *reprinted in* 113 S.Ct. 478 (1992). We agree with the Fifth Circuit that this language requires application of the new rule "to the maximum extent possible." *See Burt v. Ware,* 14 F.3d 256, 258 (5th Cir.1994) (per curiam). Mr. Espinoza's case was pending on December 1, 1993, and we note that the magistrate judge's recommendation was not filed until June 29, 1994. Because we believe it to be "just and practicable," we hold that Rule 4(m) applies to the present case.

We also agree with the *Petrucelli* court that the 1993 amendments substantially changed the scope of discretion to be exercised by district courts under this rule. Specifically, former Rule 4(j) allowed the district court to extend the time for service of the summons and complaint only upon a showing of "good cause." *See* Fed.R.Civ.P. 4(j) (1987); *Despain v. Salt Lake Area Metro Gang Unit,* 13 F.3d 1436, 1437 (10th Cir. 1994); *Jones,* 973 F.2d at 873. The district court was otherwise directed to dismiss the case. *See* Fed.R.Civ.P. 4(j) (1987). The plain language of Rule 4(m), however, broadens the district court's discretion by allowing

---

**4.** The magistrate judge also recommended dismissal of certain of Mr. Espinoza's claims as time-barred.

**5.** The district court made no finding as to the timeliness of Mr. Espinoza's claims. The court stated: "Because the case should be dismissed without prejudice, it is inappropriate to rule on

the question of whether the claims are time-barred." Aplee. App. at 22.

**6.** The also court rejected Mr. Espinoza's argument that the 120-day period for service should be calculated from the date he filed the amended complaint.

it to extend the time for service even when the plaintiff has not shown good cause. Under Rule 4(m), when a plaintiff fails to serve a defendant within the 120–day period, the district court "shall dismiss the action without prejudice *or* direct that service be effected within a specified time." Fed.R.Civ.P. 4(m) (emphasis added). We agree with the Third Circuit that the Rule's further directive that "if the plaintiff shows good cause for the failure, the court *shall* extend the time for service," *id.* (emphasis added), serves merely as an exception to the general provision by delineating a situation in which an extension of time is *mandatory*. *See Petrucelli*, 46 F.3d at 1305–06.

The Advisory Committee note to Rule 4(m) supports this interpretation:

> The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, *and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good . cause shown.*

Fed.R.Civ.P. 4(m) advisory committee's note (1993) (emphasis added). Consequently, under the new rule, a plaintiff who has failed to show "good cause" for a mandatory extension of time may still be granted a permissible extension of time within the district court's discretion.

The greater discretion afforded district courts under the new rule does not, however, affect the "good cause" analysis to be undertaken by district courts. Because a plaintiff who shows good cause for failure to timely effect service is entitled to a mandatory extension of time, district courts must still preliminarily examine whether good cause for the delay exists. Additionally, this court's cases that interpret Rule 4(j) remain unaffected insofar as they provide guidance in determining whether good cause has been shown.

Given the foregoing considerations, we follow the Third Circuit by holding that district courts should proceed under the new rule in the following manner: The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service. In this regard, district courts should continue to follow the cases in this circuit that have guided that inquiry. If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service.

### *Application of the New Procedure to Mr. Espinoza's Case*

The district court in this case found that Mr. Espinoza failed to show good cause for the delay in effecting service. In light of this circuit's prior case law, we hold that the district court did not abuse its discretion in this regard. *See Despain,* 13 F.3d 1436 (holding that where plaintiffs failed to serve the proper parties, good cause was not shown even though the statute of limitations had run, the plaintiffs' counsel had misinterpreted the applicable rule of procedure, the defendants allegedly failed to show that they would be prejudiced by an extension, and the defendants may have had actual notice of the lawsuit); *DiCesare v. Stuart,* 12 F.3d 973, 980 (10th Cir.1993) ("A pro se litigant is still obligated to follow the requirements of Fed. R.Civ.P. 4."); *Jones,* 973 F.2d 872 (holding that good cause was not shown where pro se plaintiff attempted service on the proper government parties via regular mail rather than certified or registered mail, where the record did not show that the defendants had actual notice of the complaint, and where the plaintiff had been notified by the United States Attorney that his attempted service failed to comply with the rules).

As we have noted, failure to show good cause for a mandatory extension of time does not end the inquiry under Fed.R.Civ.P. 4(m). Because the district court in this case applied Fed.R.Civ.P. 4(j) (1987), however, it did not consider whether Mr. Espinoza should be afforded a permissive extension of time. We therefore remand Mr. Espinoza's case for reconsideration of the government's motion in light of the 1993 amendments.

In determining whether Mr. Espinoza should be granted a permissive extension of time, several factors should guide the district court. First, the advisory committee's note states that "[r]elief may be justified ... if the applicable statute of limitations would bar the refiled action." Fed.R.Civ.P. 4(m) advisory committee's note (1993). As we have noted, the district court made no finding regarding the timeliness of Mr. Espinoza's claim. *See* note 5. However, upon reconsideration of Mr. Espinoza's claim, the district court should consider the limitations period in deciding whether to exercise its discretion under Rule 4(m).

Although not directly applicable to this case, other amendments to Fed.R.Civ.P. 4 suggest that policy considerations might weigh in favor of granting a permissive extension of time to Mr. Espinoza. Specifically, Fed.R.Civ.P. 4(i)(3), a provision added by the 1993 amendments, appears to provide an exception to Fed.R.Civ.P. 4(m) in certain cases in which the plaintiff has tried, but failed, to effect service upon the United States. Rule 4(i)(3) reads:

> The court shall allow a reasonable time for service of process under this subdivision for the purpose of curing the failure to serve multiple officers, agencies, or corporations of the United States *if the plaintiff has effected service on either the United States Attorney or the Attorney General of the United States.*

Fed.R.Civ.P. 4(i)(3) (emphasis added). The advisory committee's note to Rule 4(i) states that this rule "saves the plaintiff from the hazard of losing a substantive right because of failure to comply with the requirements of multiple service under [Rule 4(i)]." Fed.R.Civ.P. 4(i) advisory committee's note (1993). We assume, without deciding, that

Rule 4(i)(3) serves as an exception to Rule 4(m) by extending the 120–day time limit for service for a "reasonable time" in cases where the plaintiff has properly effected service on either the United States Attorney or the Attorney General, within in the 120–day period. The advisory committee's note to Rule 4(m) does, in fact, mention Rule 4(i)(3),[7] stating that the rule sets out "[a] specific instance of good cause." Fed.R.Civ.P. 4(m) advisory committee's note (1993).

As Mr. Espinoza failed to serve either the United States Attorney or the Attorney General within the 120–day period, Rule 4(i)(3) does not apply to his case, and he has therefore not shown "good cause" under this rule. However, we believe that this amendment clearly evinces a solicitous attitude toward plaintiffs faced with "the complex requirements of multiple service" under Rule 4(i). Consequently, the complex nature of the requirements of Fed.R.Civ.P. 4(i), particularly when the plaintiff is proceeding pro se,[8] should be a factor for the district court's consideration when it determines whether a permissive extension of time should be granted under Rule 4(m).

The case is accordingly REMANDED for reconsideration of the government's motion in light of Fed.R.Civ.P. 4(m) (1993).

---

**7.** The advisory committee's note to Rule 4(m) actually refers to "paragraph (3) of this rule." Fed.R.Civ.P. 4(m) advisory committee's note (1993). Because Rule 4(m) does not have a paragraph (3), and because the note describes "paragraph (3)" as "provid[ing] for extensions if necessary to correct oversights in compliance with the requirements of multiple service in actions against the United States," Fed.R.Civ.P. 4(m) advisory committee's note (1993), we conclude that the advisory committee intended reference to Rule 4(i)(3).

**8.** With regard to pro se plaintiffs, we are compelled to note an additional consideration that should factor into district courts' determinations under Rule 4(m): "The district court should also take care to protect *pro se* plaintiffs from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." Fed.R.Civ.P. 4(m) advisory committee's note.