**UNITED STATES COURT OF APPEALS**
**Filed 5/13/96**
**TENTH CIRCUIT**

———————————————

TOBY J. ESPINOZA,        )
        )
    Plaintiff-Appellant,    )
        )
    v.        )    No. 95-1325
        )    (D.C. No. 93-M-662)
UNITED STATES OF AMERICA,    )    (D. Colo.)
        )
    Defendant-Appellee.    )

———————————————

**ORDER AND JUDGMENT**[*]

———————————————

Before **ANDERSON, LOGAN** and **MURPHY**, Circuit Judges.

———————————————

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Toby J. Espinoza appeals[1] the district court's order dismissing as untimely the claim he brought under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680. The only issue is whether the district court properly dismissed the action as barred by the applicable two-year statute of limitations. See id. § 2401(b). We affirm.

Plaintiff filed his administrative claim with the Veteran's Administration on March 25, 1993. Thus the claim is time-barred if plaintiff knew of his injury and its probable cause before March 25, 1991. See United States v. Kubrick, 444 U.S. 111, 118-23 (1979). The Supreme Court in Kubrick specifically rejected the proposition that a claim would not accrue until the injured is aware "that his injury was negligently inflicted," id. at 123; instead it placed a duty on the potential plaintiff to exercise reasonable diligence to seek medical and legal advice once he learns he has been injured and can identify who may be responsible, id. at 122-23 & n.10.

Plaintiff alleges that radiation treatments he received in 1956 at a Veteran's Administration hospital caused the development commencing in the mid-1980s of multiple basal cell carcinomas on his body. He admits that he was suspicious before March 1991 that the radiation treatments might be the cause of his cancers but asserts that

---

[1] The district court initially dismissed this action without prejudice for failure to comply with then Fed. R. Civ. P. 4(j) which requires service of process within 120 days after a complaint is filed. On appeal, this court remanded. See Espinoza v. United States, 52 F.3d 838 (10th Cir. 1995). On remand, the district court again dismissed the action and plaintiff again appeals.

2

he had no knowledge of that fact until April 1991, after the Veteran's Administration Rating Board accepted responsibility for them.

The problem for plaintiff is that the Disabled American Veterans (DAV), to whom plaintiff had given a power of attorney, presented a claim on his behalf to the Veteran's Administration (VA) for an increased disability award in August 1990. In its letter the DAV explicitly asserted that plaintiff's basal cell carcinomas were connected to the 1956 radiation treatments. The letter showed a copy to plaintiff, although plaintiff claims never to have seen it until he obtained a copy of the VA's records in February 1992. The magistrate judge was unwilling to presume that plaintiff received his copy when it was purportedly mailed in 1990. The judge concluded, however, that the DAV's knowledge about causation for the carcinomas must be imputed to plaintiff because of the principal-agent relationship. We agree. See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 92 (1990) (under U.S. system of representative litigation a party is considered to have notice of all facts of which his attorney can be charged); Restatement (2d) of Agency § 9(3) (1958); cf. 28 C.F.R. § 14.10(b) (acceptance by claimant's agent of any award, compromise or settlement "shall be final and conclusive on the claimant").

On appeal, plaintiff argues that the "continuous treatment" doctrine has tolled the statute of limitations. The continuous treatment doctrine tolls the statute of limitations only "so long as the claimant remains under the 'continuous treatment' of a physician whose negligence is alleged to have caused the injury." Miller v. United States, 932 F.2d

3

301, 304 (4th Cir. 1991); see also Ulrich v. Veterans Admin. Hosp., 853 F.2d 1078, 1080 (2d Cir. 1988); Page v. United States, 729 F.2d 818, 823 n.36 (D.C. Cir. 1984). Plaintiff did not receive continuous treatment from the VA. He received radiation treatments in 1956 for an arthritic back and evidently did not receive ongoing treatment for that condition from that physician.

Plaintiff also asserts no one explained the two-year statute of limitations in 28 U.S.C. § 2401(b) to him, that the court should not create a new contract, and that the government's attorney testified at the evidentiary hearing without being placed under oath. We reject these contentions also. No contract governs the running of the statute of limitations on this tort claim. Our review of the tape recording of the hearing reveals that the government's attorney did not testify at the hearing, but appeared only as counsel for the government.

**AFFIRMED.**

The mandate shall issue forthwith.

Entered for the Court

James K. Logan
Circuit Judge

4