UNITED STATES COURT OF APPEALS
Filed 5/24/96 TENTH CIRCUIT

LARRY MUKES,

        Plaintiff-Appellant,

v.

DOLORES RAMSEY, JACK COWLEY,
LINDA BRANHAM, STEVE
BENNETT, AND JOHN DOE,

        Defendants-Appellees.

Case No. 95-6364

(D.C. CIV-95-726-W)
(Western District of Oklahoma)

---

## ORDER AND JUDGMENT[*]

---

Before BRORBY, EBEL, and HENRY, Circuit Judges.

---

Plaintiff-appellant Larry Mukes, a prisoner in the custody of the Oklahoma Department of Corrections (DOC) appearing pro se, appeals the dismissal of his 42 U.S.C. § 1983 action against DOC officials, a corrections officer, and a DOC counselor. Mr. Mukes charged that the defendants had violated his Fourteenth Amendment rights to due process and equal protection in a disciplinary proceeding against him arising from an incident in which Mr. Mukes hit defendant Branham with a water hose. The district court

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

dismissed the action on the grounds that the claims against Ramsey and Cowley were time-barred, see Okla. Stat. Ann. tit. 12 § 95(3) (West 1996), and that Branham and Bennett had not been served within 120 days of filing of the complaint, see Fed. R. Civ. P. 4(m).  We affirm.[1]

## I.  BACKGROUND

Mr. Mukes was convicted at a disciplinary hearing of battery and received punishment of 30 days' disciplinary segregation, loss of 365 earned credits, and a fifteen dollar fine.  His final administrative appeal was denied on October 31, 1991.  He filed this action on February 2, 1995, and the matter was assigned to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B).  Subsequently, defendants Ramsey and Cowley filed a Motion to Dismiss/Motion for Summary Judgment, arguing in part that the statute of limitations had expired.  Mr. Mukes failed to respond to this motion, despite the magistrate judge's filing an order advising him that his failure to respond would result in the motion being deemed confessed.  The magistrate judge therefore recommended that summary judgment be awarded to Cowley and Ramsey.  The magistrate also found that the complaint had not been successfully served on defendants Bennett and Branham within 120 days of filing, and that, in any event, the action as to those defendants was also time-barred.

Mr. Mukes filed an objection to the magistrate's report, though he did not dispute

---

[1]After examining the briefs and appellate record, this panel has determined that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

2

that his action was barred by the statute of limitations. The district court adopted the magistrate's Report and Recommendation, granting the motion to dismiss by Cowley and Ramsey and <u>sua</u> <u>sponte</u> dismissing the action against Bennett and Branham.

## II. DISCUSSION

In a § 1983 action, the relevant statute of limitations is the state's statute applicable to personal injury actions. <u>Wilson v. Garcia</u>, 471 U.S. 261, 276-79 (1985). In Oklahoma, the statute of limitations for § 1983 claims is two years. <u>Meade v. Grubbs</u>, 841 F.2d 1512, 1522-24 (10th Cir. 1988); Okla. Stat. Ann. tit. 12 § 95(3). The district court's finding that this action was initiated more than two years after the statute of limitations began to run is not clearly erroneous.

Mr. Mukes claims for the first time on appeal that he initiated this action on October 20, 1992. However, because he failed to raise this below, or to allege any facts to support this new claim, he cannot raise it here. <u>See</u> <u>Hinds v. General Motors Corp.</u>, 988 F.2d 1039, 1045 (10th Cir. 1993) (issues not raised in trial court are waived on appeal unless plain error is demonstrated). He also argues for the first time that his incarceration constitutes a "disability," which tolls the statute of limitations, although he fails to cite any authority for the proposition that the mere status of incarceration tolls the time for filing a § 1983 claim. Moreover, because none of the exceptions to the rule prohibiting new issues on appeal are present here, <u>see</u> <u>Hicks v. Gates Rubber Co.</u>, 928 F.2d 966, 970 (10th Cir. 1991) (citing exceptions including: jurisdictional issues, sovereign immunity,

3

and questions of law whose resolution is necessary to prevent a miscarriage of justice), neither of these arguments can now be raised.

Finally, Mr. Mukes argued below that he was unable to find current addresses for Branham and Bennett and that he had sought the assistance of the clerk of the Eastern District of Oklahoma in attempting to serve them.  Failure to effect proper service within 120 days of filing a complaint is grounds for dismissal of the complaint, in the absence of "good cause" for the failure.  Fed. R. Civ. P. 4(m); Espinoza v. United States, 52 F.3d 838, 840-41 (10th Cir. 1995).  The district court found that Mr. Mukes had made an insufficient showing of justification for his failure to serve Linda Branham.  With respect to Steve Bennett, the court concluded that because the claim against him would have been time-barred "additional attempts at service would not promote any interest of justice or serve any useful purpose."  Rec. doc. 11 at 3.  We find this reasoning to be sound and we adopt it with respect to the action against Branham as well as that against Bennett.

For the foregoing reasons, we AFFIRM the order of the district court.

The mandate shall issue forthwith.

Entered for the Court,


Robert H. Henry
Circuit Judge

4