UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

**Filed 6/19/96**

STEVE WARD, individually, father and
next friend of Tara Ward and Casey Ward;
DAWN APPENZELLER, individually,
mother and next friend of Adam
Appenzeller,

               Plaintiffs-Appellants,

v.

UNITED STATES CUSTOMS
SERVICE, Twelve Unknown Agents;
LAWRENCE FROST; ERIC
ANDREUCCI; CHRISTOPHER PATER;
MELVIN WICKS; RUSSELL
BARTHOLOMEW; KEVIN DAVIS;
STEVEN LILLARD; JAMES MORAN;
DAN COTTLE, Agents of United States
Customs Service,

               Defendants-Appellees.

No.  95-2143
(D.C. No. CIV-91-1202-JB)
(D.N.M.)

ORDER AND JUDGMENT[*]

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before PORFILIO, JONES,[**] and TACHA, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiffs appeal from the district court's order dismissing their complaint for failure to serve the individual defendants within 120 days after the complaint was filed, as required by the version of Fed. R. Civ. P. 4(j) then in effect. The facts are not pertinent to the issue before us, except that this is a Bivens action in which the defendants are sued in their individual capacity. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The underlying facts are recited in the government's interlocutory appeal previously decided by this court. Ward v. United States Customs Service, 17 F.3d 317 (10th Cir. 1994).

Former Rule 4(j) required service of the defendants within 120 days after the complaint was filed; if service was not effected, the cause was to be dismissed absent a showing of good cause. Subsequently, the rule was amended to permit the district court to

_____

[**]    Honorable Nathaniel R. Jones, Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

2

extend the time for service even if plaintiff did not show good cause. Rule 4(m)(1993); see Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995). We have held that amended Rule 4(m) is to be applied retroactively. Id. at 840.

We review the district court's decision to dismiss for untimely service for an abuse of discretion, under both mandatory and permissive extension of time determinations. Id. Plaintiffs claim they were entitled to an extension of time to serve the individual defendants under both provisions.

Plaintiffs filed their complaint on December 12, 1991, making April 11, 1992, the last date for timely service. The individual defendants have not been served. Plaintiffs maintain they did not know and could not have known the identity of the individual defendants until the government identified them in formal discovery. They further assert that even when their discovery request was answered, the government revealed only the names of the individual defendants, but not their addresses.

We first address plaintiffs' argument that they had good cause for their failure to serve the individual defendants within the time provided by the rule. We are guided by the case law applying to former Rule 4(j). Espinoza, 52 F.3d at 841.

Plaintiffs' interrogatories to defendants requesting the names and addresses of the individual defendants were served May 15, 1992, after the initial 120 days had expired. They have not shown what efforts they made before they filed their complaint or within the 120 days thereafter to identify and locate the individual defendants. Moreover, plaintiffs do not

3

address defendants' contention that plaintiff Ward knew the identity of defendant Frost at the time of the allegedly illegal acts. Accordingly, we find no abuse of discretion in the district court's denial of a mandatory extension of time based on good cause. See Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d 1436, 1438-39 (10th Cir. 1994)(good cause for failure to effect timely service of process was not shown even though statute of limitations had run, plaintiff's attorney had misinterpreted rules of procedure, defendants did not show they would be prejudiced by an extension of time, and defendants may have had actual notice of lawsuit).

Plaintiffs also argue that they are entitled to a remand for the district court to consider whether a permissive extension of time is warranted under Rule 4(m). We decline to remand to the district court for a discretionary act where, as here, it is clear that the requested relief would be denied. Under the circumstances of this case, a remand would be a waste of valuable judicial resources. Therefore, we affirm the district court's order dismissing plaintiffs' complaint without prejudice.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Circuit Judge

4