UNITED STATES COURT OF APPEALS

**Filed 12/20/96**

FOR THE TENTH CIRCUIT

LAWRENCE CALDWELL,

     Plaintiff-Appellant,

v.

THOMAS MARTIN, Warden, El-Reno
Federal Correctional Institution;
RICHARD CRUZ; DANNY FELTON;
ROBERT WORTHERN; GIL BAKER;
MARTY COEN; and DR. KARL
SCHLEGAL

     Defendants-Appellees.

Nos. 95-6101
&
95-6381
(D.C. No. CIV-89-1649-C
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before PORFILIO, ALARCON,[**] and LUCERO, Circuit Judges.[1]

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable Arthur L. Alarcon, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

[1]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this consolidated appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

In this consolidated appeal, plaintiff, Lawrence Caldwell, a federal inmate proceeding in forma pauperis and pro se, appeals the district court's dismissal of his complaint alleging violations of his Fifth and Eighth Amendment constitutional rights, and seeking monetary damages pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).[2] Plaintiff's complaint, filed in September 1989, later amended, alleges the warden and six other defendants of Federal Correctional Institution (FCI) at El Reno, Oklahoma, violated his constitutional rights during the ten days he was a holdover inmate at FCI El Reno in 1988.

The defendants first sought to dismiss the complaint in January 1991, arguing in part that plaintiff had failed to serve all of the defendants within 120 days of the filing of the complaint. On May 24, 1991, the district court granted plaintiff an additional forty-five days to effect service. Defendants filed a

---

[2]     Caldwell also filed a related complaint arising out of the same incidents on October 7, 1991 (No. 91-CV-1588), asserting negligence claims under the Federal Tort Claims Act (FTCA). The district court consolidated the Bivens complaint (No. 89-CV-1649) with the FTCA complaint on July 28, 1993. However, when the district court dismissed the Bivens complaint, the FTCA claims remained outstanding. The district court granted certification to appeal the Bivens complaint, and vacated the order consolidating the Bivens and FTCA complaint. Because Caldwell's original notice of appeal from the dismissal of the Bivens complaint (No. 95-6101) lacked the requisite certification, through no fault of his or the defendants, a second notice of appeal (No. 95-6381) was filed with the appropriate certification. The two appeals were then consolidated.

supplemental motion to dismiss the complaint on August 20, 1992. The case was referred to a magistrate judge, who recommended plaintiff be granted an additional extension of time to serve the defendants. The district court granted this second extension. In 1994, the parties were notified that the outstanding motions to dismiss would be treated as a motion for summary judgment. The district court adopted the report and recommendation of the magistrate judge, and dismissed the complaint as to the two defendants who were still not served, and granted summary judgment in favor of the remaining served defendants.

Before us, plaintiff first contends the district court erred in dismissing his complaint against the unserved defendants, arguing that, because he is proceeding in forma pauperis, it is the responsibility of the United States Marshals Service to locate and serve defendants. See 28 U.S.C. § 1915(d)("The officers of the court shall issue and serve all process, and perform all duties in [all cases proceeding in forma pauperis]."). A district court's decision to dismiss an action for untimely service is reviewed under an abuse of discretion standard. Espinoza v. United States, 52 F.3d 838, 840 (10th Cir. 1995). We find no abuse of discretion here.

Although plaintiff's complaint was filed in 1989, two defendants, Dr. Karl Schlegal, a former physician at FCI El Reno, and Danny Felton, a former counselor at FCI El Reno, still have not been served. In 1991, the district court ordered the Marshals Service to use its best efforts to obtain service. The district

court twice refused to dismiss the complaint for failure to effect service, granting plaintiff a mandatory extension of time in 1991 to obtain service under Fed. R. Civ. P. 4(m), and granting a second, permissive, extension of time in 1993. It appears from the record that plaintiff provided the Marshals Service with as much information as was available to him with respect to defendant Schlegal, but failed to give the Marshals the most current address for defendant Felton, which he had obtained in 1993. Thus, it appears that plaintiff did not establish good cause for his failure to serve Felton. Under Rule 4(m), even when a plaintiff fails to show good cause, the district court "must still consider whether a permissive extension of time may be warranted." Espinoza, 52 F.3d at 841.

The district court had already granted plaintiff two extensions of time. There is nothing in the rules that required the court to consider yet another permissive extension. As the district court noted, plaintiff was given a considerable length of time to obtain service, and was permitted to conduct discovery in order to effect service. Accordingly, we find no abuse of discretion in the district court's denial of an additional extension of time, and affirm the dismissal of defendants Felton and Schlegal under Rule 4(m).

Plaintiff next contends the district court erred in granting summary judgment in favor of the remaining defendants. Following appropriate notice to the parties, the district court treated defendants' motions to dismiss as a motion

-4-

for summary judgment.  With the benefit of a <u>Martinez</u> report, <u>Martinez v. Aaron</u>, 570 F.2d 317, 319 (10th Cir. 1978), the magistrate judge recommended that the district court grant summary judgment.  After considering plaintiff's objections, the district court entered summary judgment in favor of defendants.  Plaintiff contends that the district court erred in doing so because genuine issues of material fact were in dispute.  Based upon our careful review of the record, we find no reversible error.

We AFFIRM the judgment of the district court for substantially the same reasons set forth in the its order and the magistrate judge's report and recommendation.  The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge