**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 25 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GARY B. SELF,

      Plaintiff-Appellant,

v.

AUTOLIV, ASP,

      Defendant-Appellee.

No. 02-4244
(D.C. No. 01-CV-23-K)
(District of Utah)

---

**ORDER AND JUDGMENT***

---

Before **KELLY**, **BRISCOE,** and **LUCERO**, Circuit Judges.

---

Gary Self appeals the district court's dismissal of his civil rights suit

against Autoliv ASP, Inc. ("Autoliv") for failure to serve Autoliv within 120

days. We exercise jurisdiction pursuant to 28 U.S.C. § 1291,[1] reverse, and

---

*The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] The district court dismissed Self's case on October 30, 2002. Ordinarily, Self would have had until Friday, November 29 to file his notice of appeal. See Fed. R. App. P. 4(a) (setting a thirty-day limit for the filing of the notice of appeal in a civil case). Because the district court in Utah was closed on November 29, however, this day is not included in the calculation. See Fed. R. App. P. 26(a)(3). Thus, Self's notice of appeal was timely filed on Monday,

(continued...)

remand for the district court to give Self an opportunity to show good cause for his failure to prosecute his suit.

# I

In February 2001, Self filed a pro se civil rights action against Autoliv, a manufacturer of automotive safety products, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. Self claims that he was not hired by Autoliv because of a mental disability.[2] When Self did not serve a copy of the summons and complaint on the defendant within 120 days, the district court dismissed his action without prejudice for failure to prosecute. We review the district court's dismissal for failure to prosecute for abuse of discretion. Scott v. Hern, 216 F.3d 897, 912 (10th Cir. 2000).

Under Federal Rule of Civil Procedure 4(m), a plaintiff has 120 days to serve process on the defendant unless he shows good cause or the district court

---

[1](...continued)
December 2, the next day on which the court was open, and we have jurisdiction over this appeal.

[2] Prior to filing his suit, Self filed charges with the EEOC, which found "reasonable cause to believe" that Autoliv violated the ADA. Charge No. 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 at *2 (Aug. 18, 2000).

grants a permissive extension.[3]  We have set forth a procedure to be followed by

the district court in applying Rule 4(m):

> The preliminary inquiry to be made under Rule 4(m) is whether the
> plaintiff has shown good cause for the failure to timely effect
> service. . . .  If good cause is shown, the plaintiff is entitled to a
> mandatory extension of time.  If the plaintiff fails to show good
> cause, the district court must still consider whether a permissive
> extension of time may be warranted.  At that point the district court
> may in its discretion either dismiss the case without prejudice or
> extend the time for service.

Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995).  Under our

precedent, therefore, the district court must first give the plaintiff an opportunity

to show good cause, and then consider whether a permissive extension is

warranted, before proceeding to dismiss the case.

In the instant case, Self argues that the district court dismissed his suit

without giving him an opportunity to show cause for his failure to prosecute.

There is no indication in the district court's docket sheet that Self was ordered to

show cause before his suit was dismissed.[4]  The district court had an obligation

---

[3] If the plaintiff does not show cause for his failure to serve a defendant, "the [district] court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice . . . or direct that service be effected within a specified time."  Id.  If the plaintiff does show good cause for his failure to prosecute, however, "the court shall extend the time for service for an appropriate period."  Id.  Thus, the district court may grant a permissive extension even if no good cause is shown, but must grant an extension upon a showing of good cause.

[4] Thus, the instant case is distinguishable from Scott, in which a district

(continued...)

under Rule 4(m) and <u>Espinoza</u> to give Self an opportunity to show why his action should not be dismissed for failure to prosecute. We take no position as to whether Self would have been able to show good cause, for it was an abuse of discretion to dismiss Self's suit without following the procedure we outlined in <u>Espinoza</u>.

## II

Accordingly, the district court's dismissal of this case is **REVERSED**, and the case **REMANDED** for further proceedings consistent with this order and judgment.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

---

[4](...continued)
court's Rule 4(m) dismissal was upheld based on an indication in the docket sheet that the plaintiff was ordered to show cause as to why his action should not be dismissed. 216 F.3d at 912.