**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 8, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

PATRICK D. SMYERS,

Plaintiff-Appellant,

v.

COUNTY OF ATCHISON KANSAS,
through its governing body agent of
Atchison County Commissioners,
Kansas; JOHN CALHOON, Sheriff,
Atchison County, Kansas in both his
official capacity and as an individual;
ATCHISON COUNTY SHERIFF'S
DEPARTMENT, Atchison County,
Kansas, the representatives and
unknown employees thereof, to be
named upon completion of discovery
herein, in their official capacities and
as individuals; ATCHISON COUNTY
JAIL, Atchison County, Kansas, the
representatives and employees thereof,
to be named upon completion of
discovery herein, in their official
capacities and as individuals,

Defendants-Appellees.

No. 08-3333
(D.C. No. 2:07-CV-02364-CM-KGS)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value

(continued...)

Before **TACHA**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

Patrick D. Smyers appeals the district court's dismissal of his claims based upon his failure to timely serve process. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Plaintiff filed a complaint against defendants on August 9, 2007, alleging civil rights claims related to his detention at the Atchison County Jail. On September 17, 2007, his counsel mailed a notice and request for waiver of service of summons to defendants pursuant to Fed. R. Civ. P. 4(d). Defendants did not return the requested waivers. At some point in October 2007, plaintiff's counsel's computer system crashed, leaving him without access to his electronic docket "tickler" system. But his computer was partially functioning again within about 10 days. Plaintiff's counsel indicates that, because of the computer malfunction, he inventoried his open cases to verify deadlines and appearances, but he does not state when that inventory began or how many cases it involved. The inventory apparently failed to alert plaintiff's counsel to the pending expiration, on December 7, 2007, of the 120-day deadline to serve defendants in

[*](...continued)
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

-2-

this case under Fed. R. Civ. P. 4(m). Plaintiff failed to serve any of the defendants by that date.

Plaintiff's counsel suffered a second computer outage from February 5 through 29, 2008. But in connection with his ongoing open case inventory, plaintiff's counsel discovered on March 19, 2008, that service was not properly effected in this case. At that point, he hand delivered to defendants a second Rule 4(d) notice and request for waiver, which defendants again failed to return. On May 6, 2008, plaintiff filed a motion for an extension of time to effect service. The district court denied plaintiff's motion, holding that he failed to show good cause for his delay in effecting service and declining to grant a permissive extension of the service period.

We review for an abuse of discretion a district court's dismissal of a complaint based on untimely service. *Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir. 1995). A district court abuses its discretion "if its decision is arbitrary, capricious, or whimsical." *Hendry v. Schneider*, 116 F.3d 446, 449 (10th Cir. 1997). Under Rule 4(m) the district court's preliminary inquiry

> is whether the plaintiff has shown good cause for the failure to timely effect service. . . . If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service.

*Espinoza*, 52 F.3d at 841.

We have reviewed the record on appeal and plaintiff's brief. We find no basis to conclude that the district court abused its discretion in dismissing plaintiff's complaint for failure to effect timely service.

The judgment of the district court is AFFIRMED.

Entered for the Court


John C. Porfilio
Circuit Judge