**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 3, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

HAROLD W. BROWN,

     Plaintiff - Appellant,

v.

THE TOWN OF VALLEY BROOK;
MICHAEL STAMP, Police Chief of the
Town of Valley Brook; JOHN DOES,
Officers 1 and 2,

     Defendants - Appellees.

No. 19-6172
(D.C. No. 5:19-CV-00169-SLP)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **MATHESON**, and **CARSON**, Circuit Judges.
_____

Harold W. Brown appeals the district court's denial of his motion to file an

amended complaint. The court denied the motion as moot and futile because (1) it

had dismissed all remaining pending claims without objection from Mr. Brown and

(2) his proposed amended complaint asserted only state-law claims. Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

# I. BACKGROUND

Mr. Brown sued in Oklahoma state court, alleging constitutional violations arising out of a traffic stop. He invoked 42 U.S.C. § 1983 and named as defendants the Town of Valley Brook; its Police Chief, Michael Stamp; and two unknown John Doe officers (Does 1 and 2). The complaint asserted constitutional violations against these defendants in Counts I through IV. Count V, titled "Notice of Tort Claim," stated, "Plaintiff reserves the right to add additional claims against all Defendants named herein pending the expiration of the ninety (90) day [state-law] waiting period." Aplt. App. at 21.

Mr. Brown served only the Town and Chief Stamp. They removed the suit to federal court and moved to dismiss all claims against them. The district court granted their motion. That ruling is not before us.

On September 9, 2019, the district court directed Mr. Brown to show cause why Does 1 and 2 should not be dismissed for his failure to effect timely service within 90 days of the date of removal as required by Federal Rule of Civil Procedure 4(m). The court noted the case was removed on February 22, 2019. Mr. Brown requested an extension of time to respond, explaining that he was preparing a proposed amended complaint to assert state-law claims. He also said he intended to seek a remand to state court because "no federal questions remain to be resolved in the matter." Aplt. App. at 134. He did not address his failure to serve Does 1 and 2.

After the district court granted Mr. Brown's request for an extension of time, he moved to amend his complaint to assert only state-law claims. He also moved to

2

remand the case to state court, urging the court not to exercise supplemental jurisdiction over his proposed state-law claims. He argued for remand because, absent federal claims, the district court lacked original jurisdiction. He still did not address his failure to serve Does 1 and 2, nor did he attempt to show cause why his claims against them should not be dismissed for lack of proper service.

The district court dismissed the claims against Does 1 and 2 under Rule 4(m) for lack of service. It explained that after dismissing the Town and Chief Stamp, it "continued to have subject-matter jurisdiction over" the § 1983 claims against the Does. *Id.* at 175. The court issued the show-cause order because more than six months had passed since the case was removed to federal court and Mr. Brown had not served them. It recognized the proposed amended complaint identified Does 1 and 2, but noted that neither the proposed amendments nor the motion for remand explained why Mr. Brown failed to identify and serve the Does within the Rule 4(m) time period. As required by Rule 4,[1] the court considered granting a mandatory extension of time to allow Mr. Brown to effect service, but he failed to show good cause because he offered no explanation for the service defect. The court also considered granting him a permissive extension, but concluded that it was unwarranted under the relevant factors.

---

[1] Under circumstances not relevant here, or if a plaintiff shows good cause, a court must grant a mandatory extension of time to effect service. *See* Fed. R. Civ. P. (4)(i)(4), (m). A court also may grant a permissive extension if warranted by factors such as a plaintiff's pro se status, the complexity of the service requirements, the danger of prejudice to the defendants, and the potential expiration of the statute of limitations. *See Espinoza v. United States*, 52 F.3d 838, 840-42 (10th Cir. 1995).

The district court thus denied Mr. Brown's motion to amend his complaint as moot, reasoning there were no longer any claims over which it had original jurisdiction. It also determined that amendment would be futile because the court lacked jurisdiction over the proposed amended complaint, which asserted only state-law claims, and Mr. Brown did not ask the court to exercise supplemental jurisdiction. Mr. Brown appealed the denial of his motion to amend the complaint.[2]

## II. DISCUSSION

### A. *Standard of Review*

"Although we generally review for abuse of discretion a district court's denial of leave to amend a complaint, when this denial is based on a determination that amendment would be futile, our review for abuse of discretion includes de novo review of the legal basis for the finding of futility." *Cohen v. Longshore*, 621 F.3d 1311, 1314 (10th Cir. 2010) (quotations omitted). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (quotations omitted). A proposed amendment is subject to dismissal if the court lacks jurisdiction over the claims. *See, e.g.*, *Hutchinson v. Pfeil*, 211 F.3d 515, 522-23 (10th Cir. 2000) (affirming denial of

---

[2] Mr. Brown's notice of appeal referenced the denial of both his motion to amend and his motion to remand, but he advances no argument regarding the denial of his motion to remand, and we do not consider it. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief.").

motion to amend as futile where proposed state-law claim was subject to dismissal for lack of jurisdiction).

## B. *Analysis of Mr. Brown's Arguments*

Mr. Brown argues the district court should have granted his motion to amend because it had (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) supplemental jurisdiction under 28 U.S.C. § 1367.

### 1. Federal Question Jurisdiction

Mr. Brown suggests the district court should have granted leave to amend because it had federal question jurisdiction over his § 1983 claims against Does 1 and 2. *See* Aplt. Br. at 6. The court *did* have jurisdiction over those claims until it dismissed them under Rule 4(m) for lack of service. Mr. Brown never challenged that ruling, nor did he address the lack of service in seeking to amend. He thus waived any argument contesting the dismissal of his claims against the Does, *see WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1197 (10th Cir. 2010) ("Failure to raise an issue in the district court generally constitutes waiver." (quotations omitted)), and therefore now cannot contend the court failed to exercise its jurisdiction. This rendered the motion moot. It was futile to amend the complaint because the proposed amendment asserted only state-law claims that, absent original jurisdiction, were also subject to dismissal. *See Hutchinson*, 211 F.3d at 523.

### 2. Supplemental Jurisdiction

Mr. Brown argues the district court should have granted leave to amend because it retained supplemental jurisdiction under 28 U.S.C. § 1367 over the state-

5

law claims asserted in Count V of his complaint and the state-law claims asserted in his proposed amended complaint. He offers five arguments. Each rests on the premise that the district court should have exercised supplemental jurisdiction over the state-law claims. We need not detail Mr. Brown's arguments because they fail for at least two reasons.[3]

First, they rely on his supposition that Count V asserted claims that were pending when the district court denied leave to amend. He therefore asserts the court should have exercised supplemental jurisdiction over Count V and the state-law claims alleged in the proposed amended complaint. But Mr. Brown waived this argument by failing to raise it in the district court. Also, the district court repeatedly stated that Count V did not assert a substantive claim for relief. Count V stated only that Mr. Brown gave notice to the Town of an unidentified tort claim and that he "reserve[d] the right to add additional *claims* against *all Defendants* named herein pending the expiration of the ninety (90) day [state-law] waiting period." Aplt. App. at 21 (emphasis added). In response to the Town and Chief Stamp's motion to dismiss, Mr. Brown appeared to acknowledge these averments failed to give notice of any claim to any defendant. He explained that he intended to amend his complaint

---

[3] Mr. Brown contends (1) the Town and Chief Stamp's motion to dismiss tolled the time to file a responsive pleading to Count V; (2) Count V satisfies state and federal pleading standards; (3) Count V asserts state-law tort claims that relate to his federal claims; (4) the proposed state-law claims relate back to the date of the motion to amend under the "tender rule"; and (5) the district court retained supplemental jurisdiction over Count V.

6

"to add a governmental tort claim to address violations of the Oklahoma State Constitution." *Id.* at 83.

Because Count V was merely a placeholder and devoid of any claim, the district court stated in its order dismissing the Town and Chief Stamp that the complaint alleged "*four* causes of action," *id.* at 117 (emphasis added), not five.[4] Mr. Brown did not object or otherwise attempt to alert the court to any claims he now asserts were alleged in Count V. His failure to do so waived this issue. *See WildEarth Guardians*, 604 F.3d at 1197. Apart from the waiver, Mr. Brown still fails to specify what claims he intended to assert in Count V. He simply concedes "Count V was premature," Aplt. Br. at 3, and that it "alleged an alternative ground for relief for the actions of [the Town] of Valley Brook, Michael Stamp, and the John Doe Officers," *id.* at 14. But he never identifies the alternative ground.

Second, Mr. Brown's arguments all insist the district court should have exercised supplemental jurisdiction over Count V and the state-law claims in his proposed amended complaint, but he took the opposite position in the district court.

Before the district court dismissed the § 1983 claims against Does 1 and 2, Mr. Brown argued (incorrectly) in his motion for remand that the court had dismissed all claims over which it had original jurisdiction and thus "the Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3)." Aplt. App. at

---

[4] The court similarly observed in its order dismissing Does 1 and 2 that the complaint "asserted 42 U.S.C. § 1983 claims (*and no other claims*) against" defendants. Aplt. App. at 174 (emphasis added).

7

157. He insisted "that a district court does not abuse its discretion when it declines to exercise supplemental jurisdiction over a claim under 28 U.S.C. § 1367(c)(3) where it has dismissed all claims over which it has original jurisdiction." *Id.* (ellipsis and quotations omitted). In response, the district court observed that Mr. Brown was "not requesting the Court to exercise supplemental jurisdiction over" the state-law claims in his proposed amended complaint. *Id.* at 177. On appeal, Mr. Brown switches course and asserts the district court should have exercised supplemental jurisdiction. The invited-error doctrine forecloses this contention.

"The invited-error doctrine precludes a party from arguing that the district court erred in adopting a proposition that the party had urged the district court to adopt." *ClearOne Commc'ns, Inc. v. Bowers*, 643 F.3d 735, 771 (10th Cir. 2011) (quotations omitted). The doctrine "is a form of waiver" predicated on "the intentional relinquishment or abandonment of a known right." *Id.* (quotations omitted).

Mr. Brown urged the district court to decline to exercise supplemental jurisdiction. Here he contends the district court should have exercised supplemental jurisdiction. Mr. Brown invited any error. He may not now complain that the court erred in adopting the approach he advocated.

\* \* \* \*

In sum, Mr. Brown's arguments are either barred or waived. He fails to show the district court abused its discretion in denying leave to amend.

8

## III. **CONCLUSION**

We affirm the district court's judgment.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge