**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 14 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WILLIAM ROBERT BROWN,

      Plaintiff - Appellant,

v.

DONNA SHALALA, Secretary of the
Department of Health and Human
Services,

      Defendant - Appellee.

No. 98-5050

(D.C. No. 97-C-497-K)

(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The

case is therefore ordered submitted without oral argument.

Plaintiff, proceeding *pro se*, filed a complaint alleging employment

discrimination in violation of Title VII.  Although Plaintiff served Defendant

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Shalala, he failed to properly or timely serve either the United States Attorney General or the United States Attorney for the Northern District of Oklahoma as required by Federal Rules of Civil Procedure 4(i) and (m). The district court dismissed the action without prejudice for failure to effect service. Defendant filed this appeal in which he claims that his failure to comply with the procedural rules is excused by the fact that he is proceeding *pro se* and *in forma pauperis* and by his reliance on the advice of a Court Clerk's office employee concerning how to effect service.

After reviewing the record and the briefs, we affirm the dismissal without prejudice of Plaintiff's Title VII action for substantially the same reasons as stated by the district court in its Order filed February 9, 1998. We point out that, despite Plaintiff's claims that no delay or prejudice has occurred, the record indicates that Plaintiff still has not attempted to properly serve the Attorney General or the appropriate United States Attorney as Rule 4(i) requires. Although a litigant's *pro se* status may affect a district court's determination of whether the litigant has timely served under Rule 4(i) and (m), see Espinoza v. United States, 52 F.3d 838, 842 (10th Cir. 1995), Plaintiff's *pro se* status does not excuse his failure to follow the fundamental rules of civil and appellate procedure. See Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994),

<u>cert. denied</u>, 513 U.S. 1090 (1995).

AFFIRMED.

Entered for the Court


Monroe McKay
Circuit Judge