F I L E D
United States Court of Appeals
Tenth Circuit

MAR 13 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

MICHAEL C. WASHINGTON,

Plaintiff-Appellant,

v.

SUSAN BRIMER LOVING;
WELLON B. POE; KARIN KRIZ;
SUE WYCOFF; LARRY A. FIELDS;
DAN REYNOLDS; JAMES L.
SAFFLE; MICHAEL D. PARSONS;
DOLORES RAMSEY; DEPT. OF
CORRECTIONS; MALIK
MUHAMMAD; JEMAL AZIZ;
DAWUD ALI; GAY ABSTON
TUDOR; JOE MANNING;
GREGORY H. HALL; CALVIN
SAMUEL MUSE, JR.; HUGH REED;
ROBERT A. NANCE; PHIL
DESSAUER; DANIEL BINTY;
WILLIAM R. EVANS,

Defendants-Appellees.

No. 96-6192
(D.C. No. CIV-94-1740-W)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before BALDOCK, EBEL, and LUCERO, Circuit Judges.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

## BACKGROUND

Plaintiff is an inmate in the custody of the Oklahoma Department of Corrections (DOC). Proceeding pro se and in forma pauperis, he filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's allegations can be grouped into three general categories: (1) DOC officials and employees adopted and implemented allegedly unconstitutional prison policies concerning religious services, grooming codes, and disciplinary procedures; (2) Muslim representatives under contract with the DOC to provide inmates with religious counseling allegedly failed to visit plaintiff; and (3) the former Oklahoma Attorney General and her staff allegedly failed to investigate plaintiff's complaints before successfully defending DOC officials and employees against plaintiff's civil rights claims in Oklahoma state court actions.[1] The complaint requested

---

[1] See Washington v. Department of Corrections, No. C-93-786 (Pittsburg County Dist. Ct. Mar. 2, 1995) (dismissing claims concerning disciplinary procedures as frivolous and without merit), aff'd., No. 85,295 (Okla. Ct. App. Aug. 29, 1995); Washington v. Saffle, No. C-92-759 (Pittsburg County Dist. Ct. Feb. 22, 1995) (dismissing claims of tort and breach of contract against Muslim representatives and constitutional claims against correction officials for

(continued...)

injunctive relief, $46 million in compensatory damages, and $23 million in punitive damages.

Initially, the district court dismissed the complaint for improper venue and, based on plaintiff's earlier filings, imposed future restrictions on plaintiff's filing in forma pauperis complaints in the district court for the Western District of Oklahoma.[2]  On plaintiff's first appeal to this court, we affirmed the filing restrictions, but reversed and remanded on the issue of venue.  Washington v. Loving, No. 94-6466, 1995 WL 421131 (10th Cir. July 18, 1995).

On remand, the district court adopted the substance of the supplemental findings and recommendations of the magistrate judge and entered a dispositive order.  The order, dated April 16, 1996, (1) dismissed plaintiff's claims against several defendants for insufficiency of service of process, pursuant to Fed. R. Civ. P. 12(b)(5); (2) entered summary judgment in favor of moving defendants

---

[1](...continued)
infringement of right to practice religion by failing to change practices of Muslim representatives and for adopting and enforcing grooming code provisions), aff'd., No. 85,296 (Okla. Ct. App. Aug. 29, 1995); Washington v. Department of Corrections, No. C-91-24 (Atoka County Dist. Ct. Mar. 1, 1994) (granting summary judgment to defendants on plaintiff's claims concerning illegal, unfair, and unconstitutional disciplinary procedures and proceedings); Washington v. Saffle, No. C-88-717 (Pittsburg County Dist. Ct. Feb. 3, 1994) (dismissing as moot claim for injunctive relief from provisions of prison grooming code).

[2]     The district court for the Eastern District of Oklahoma, where plaintiff is incarcerated, had already placed restrictions on plaintiff's filings.

based on the doctrines of collateral estoppel and res judicata, pursuant to Fed. R. Civ. P. 56; and (3) dismissed plaintiff's claims as legally frivolous, pursuant to 28 U.S.C. § 1915(d), as effective at the time of the dismissal.[3] In addition, the court denied plaintiff's three motions to recuse and granted plaintiff leave to proceed in forma pauperis on appeal.[4] On May 14, 1996, the district court denied plaintiff's motion under Fed. R. Civ. P. 60(b) for relief from judgment.

## **DISCUSSION**

We exercise jurisdiction pursuant to 28 U.S.C. § 1291. The former 28 U.S.C. § 1915(d) permitted a district court to dismiss an in forma pauperis action as frivolous if the claim was "based on an indisputably meritless legal theory" or founded on "clearly baseless" factual contentions. Neitzke v. Williams, 490 U.S. 319, 327 (1989). We review such a dismissal for abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

After a careful review of the record, we agree with the district court that plaintiff's case is legally meritless and factually baseless. The conclusory

---

[3]     28 U.S.C. § 1915(d) was amended by the PLRA and recodified at subsection 1915(e).

[4]     Although plaintiff filed his notice of appeal on June 4, 1996, after the effective date of the Prison Litigation Reform Act (PLRA), see Pub.L.No. 104-0134, § 804(a)(3), 110 Stat. 1321 (1996), we will not require plaintiff to comply with the filing fee obligations of PLRA. At this point in the litigation, it would be inequitable to reverse the district court's grant of leave to proceed in forma pauperis on appeal.

allegations plaintiff makes in his court filings do not add up to a claim of constitutional dimensions. See Swoboda v. Dubach, 992 F.2d 286, 290 (10th Cir. 1993). Moreover, the majority of plaintiff's claims have been litigated to a conclusion in state court proceedings. After carefully considering plaintiff's arguments, we find no error and affirm the dismissal under subsection 1915(d) for substantially the same reasons stated in the magistrate's findings and recommendations and the district court's order of April 16, 1996.[5]

We also affirm the denial of plaintiff's motion for relief from judgment under Rule 60(b). Relief from judgment is discretionary and is warranted only in exceptional circumstances. Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). The motion does not demonstrate any exceptional circumstances warranting relief under Rule 60(b) and our reading of the record on appeal does not disclose any.

Finally, we find no abuse of discretion, see United States v. Burger, 964 F.2d 1065, 1070 (10th Cir. 1992), in the district court's denial of plaintiff's motions to recuse. Plaintiff's motions alleged that the court's adverse rulings were evidence of bias and prejudice. However, "judicial rulings alone almost never constitute a valid basis" for recusal based on bias or partiality. See Liteky

---

[5] Because we find that plaintiff's action was legally frivolous and subject to dismissal under subsection 1915(d), we need not reach issues concerning service of process, collateral estoppel, and res judicata.

v. United States, 510 U.S. 540, 555 (1994). There must be a "display [of] a deep-seated favoritism or antagonism that would make fair judgment impossible." Id. Nothing in the record suggests that the district court judge displayed such favoritism or antagonism.

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Carlos F. Lucero
Circuit Judge