**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 29 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DENNIS P. GLICK,

      Plaintiff - Appellant,

v.

ROY ROMER, Governor, State of
Colorado; ARISTEDES ZAVARAS,
Executive Director, Colorado
Department of Corrections,

      Defendants - Appellees.

No. 99-1509
(D.C. No. 98-B-2112)
(District of Colorado)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **HENRY** and **LUCERO**, Circuit Judges.

Dennis P. Glick, appearing pro se, appeals the district court's dismissal of

his 28 U.S.C. § 1983 action against Roy Romer and Aristedes W. Zavaras for

violation of his civil rights. We exercise jurisdiction pursuant to 28 U.S.C.

§ 1291 and affirm.

---

    [*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

Appellant Glick's complaint alleges the following facts. Appellant is a prisoner serving time in Arkansas after having been previously incarcerated in a Colorado Department of Corrections ("CDOC") facility. While incarcerated at the facility, he was diagnosed with heart disease. In March 1998, he addressed a letter to Romer, with a carbon copy to Zavaras, complaining of his medical difficulties, his living situation requiring him to climb two flights of stairs and into and out of the top bunk in his cell, and a lack of adequate grievance procedures. At some time thereafter he suffered a heart attack and relapse of a ruptured disc. In April, he was assigned to an isolation cell in administrative segregation. Several days later, he was transferred to an Arkansas prison without his funds, personal property, or medical records.

In September 1998, Glick filed suit in United States District Court for the District of Colorado against Romer, governor of the State of Colorado, and Zavaras, executive director of CDOC, in their personal capacities, alleging violations of his constitutional rights under 28 U.S.C. § 1983. Specifically, Glick claimed defendants-appellees were deliberately indifferent to his serious medical needs and retaliated against him by assigning him to administrative segregation and by transferring him to a prison facility in Arkansas without conducting a pre-transfer hearing. In December 1998, he filed a motion for appointment of counsel.

The district court referred the case to a magistrate judge, who denied Glick's motion for appointment of counsel due to the insufficiently complex nature of the lawsuit, citing McCarthy v. Weinberg, 753 F.2d 836 (10th Cir. 1985). The magistrate judge subsequently issued his recommendation to the district court, determining pursuant to defendants' motion that Glick's action against Zavaras failed to state a claim for which relief could be granted and counseling dismissal. The magistrate also issued an order requiring Glick to show cause why the case against Romer should not be dismissed under Fed. R. Civ. P. 4(m) for failure to effect service. Glick showed the magistrate a return receipt of certified mail sent to Romer, who did not accept service by mail. The magistrate afterwards denied Glick's motion to direct service of process, finding no allegations that Romer was personally involved in any actions or decision of which Glick complained, and recommended dismissal of his claim against Romer for substantially the same reason. Glick filed timely objections to both recommendations of dismissal. Adopting the magistrate's recommendations, the district court dismissed the actions against both Zavaras and Romer, and this appeal followed.[1]

_____

[1] We note appellees' argument that Glick filed notice of appeal in untimely fashion under Fed. R. App. P. 4(a)(1) because he filed within thirty days after the district court dismissed the claim against Romer, but not within thirty days of the dismissal of the claim against Zavaras. Appellees ignore Fed. R. Civ. P. 54(b),

(continued...)

On appeal, Glick raises seven assignments of error: (1) the district court erred in holding Romer had not been properly served; (2) the district court erred in its determinations as to whether Zavaras was being sued in his personal or official capacity; (3) the court erred in holding Zavaras's qualified immunity barred Glick's suit against him; (4) the court erred in holding Glick's claims for declaratory and injunctive relief moot; (5) the court erred in finding Zavaras did not personally participate in depriving him of his rights; (6) the court erred in denying Glick appointed counsel; and (7) the court erred in determining Romer and Zavaras had not conspired to retaliate against him.

With regard Glick's challenge to the court's dismissal against Romer, "[w]e review the district court's dismissal for untimely service for an abuse of discretion." Espinoza v. United States, 52 F.3d 838, 840 (10th Cir. 1995) (citing Jones v. Frank, 973 F.2d 872, 872 (10th Cir. 1992)). Fed. R. Civ. P. 4(m) provides a single exception to the 120-day time limit for service: "if the plaintiff shows good cause for the failure, the court may extend time to effect service." In the present case, the district court determined Glick had failed to timely serve

---

[1](...continued)
which, in a suit involving multiple parties, mandates that the district court expressly declare its order to be final if that order is issued before final orders involving the remaining parties to the suit. See Perington Wholesale, Inc. v. Burger King Corp., 631 F.2d 1369, 1370-71 n.2 (10th Cir. 1980). Thus, Glick's appeal is timely.

Romer and had failed to show good cause for that failure and, finding Glick had in no way demonstrated Romer's involvement in the violations of which he complains, dismissed the action pursuant to 28 U.S.C. § 1915(d).[2] The district court did not abuse its discretion in so finding and thereupon dismissing the action against Romer. See Espinoza, 52 F.3d at 838.

With respect to the court's dismissal of Glick's claims against Zavaras, we review de novo a dismissal for failure to state a claim for which relief can be granted, "assess[ing] whether the plaintiff's complaint alone is legally sufficient to state a claim." Sutton v. Utah Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991)). We accept "all well-pleaded allegations in the . . . complaint . . . as true" and view them "in the light most favorable to the nonmoving party." Id. (citing GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997)).

Construing Glick's pro se pleadings liberally, as required under Haines v. Kerner, 404 U.S. 519, 520-21 (1972), we read his briefs as alleging a deliberate indifference claim under the Eighth Amendment to the Constitution of the United

---

[2] Although the district court cited Fed. R. Civ. P. 4(m) (providing for dismissal of actions without prejudice), it is clear from the court's discussion of the merits of the action and its citation to 28 U.S.C. § 1915(d) that its dismissal of the action against Romer as frivolous was with prejudice. We so construe its dismissal. Cf. Brace v. O'Neill, 567 F.2d 237, 242 n.25a (3d Cir. 1977).

States.  See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics ,
403 U.S. 388, 397 (1971) (holding that a plaintiff can recover money damages for
injuries suffered as a result of a federal agent's violation of her Fourth
Amendment rights);  see also  Carlson v. Green , 446 U.S. 14, 20-23 (1980)
(recognizing  Bivens  actions for alleged violation of Eighth Amendment rights).   [3]
It is undisputed that convicted inmates are protected from "deliberate
indifference" to their "serious medical needs."     Estelle v. Gamble , 429 U.S. 97,
104 (1976).  To establish deliberate indifference, a prisoner must demonstrate
more than mere negligence.    See id. at 105-06.   Rather, Glick must show that
Romer and Zavaras had a "sufficiently culpable state of mind," meaning their
acts or omissions arose from "deliberate indifference to inmate health or safety."
Farmer v. Brennan  , 511 U.S. 825, 834 (1994) (internal quotations and citations
omitted).  "[A] prison official cannot be found liable under the Eighth
Amendment for denying an inmate humane conditions of confinement unless the
official knows of and disregards an excessive risk to inmate health and safety."
Id. at 837.  In the present case, Glick has alleged no facts indicating knowledge
on the part of Romer and Zavaras of facts leading to an inference of "an

------

[3] Glick alleges numerous constitutional violations as a result of
defendants-appellees' failure to provide him with adequate medical care.  These
claims are properly addressed under an Eighth Amendment analysis.  See Estelle
v. Gamble, 429 U.S. 97, 104 (1976).

excessive risk" to Glick's "health and safety."     Id.   Thus, the district court properly dismissed Glick's claim of disregard of his serious medical needs.

Similarly, with regard to Glick's claims that Romer and Zavaras retaliated against him and transferred him to Arkansas without a hearing, Glick must show that Romer and Zavaras had a "sufficiently culpable state of mind" regarding the risk of the unconstitutional actions taken against him.     See id. at 834.  In the present case, Glick has alleged no facts tending to show that Romer and Zavaras had any knowledge whatsoever of the violations of which he complains, even if they were colorable constitutional violations.  Thus, the district court properly deemed Glick's claim against Romer frivolous under 28 U.S.C. § 1915(d) and properly granted Zavaras's motion to dismiss on this claim.

In conclusory fashion, Glick also alleges Zavaras conspired with Romer to violate his rights.  Even assuming Glick's rights were violated, however, he alleges no facts tending to show how Zavaras and Romer conspired to violate those rights.  Again, he fails to allege facts tending to show actual knowledge on their part of the violations of which he complains.     See Farmer , 511 U.S. at 837.

Because we affirm the district court's dismissal of Glick's claims on the preceding grounds, we need not address his further claims of legal error on the part of district court.   See United States v. Sandoval   , 29 F.3d 537, 542 n.6 (10th Cir. 1994).

Finally, "[w]e review the denial of appointment of counsel in a civil case for an abuse of discretion." Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995) (citing Shabazz v. Askins, 14 F.3d 533, 535 (10th Cir. 1994)). The district court may appoint counsel for an indigent plaintiff if, under the totality of the circumstances, the denial of counsel would result in a fundamentally unfair proceeding, see McCarthy v. Weinberg, 753 F.2d 836, 839-40 (10th Cir. 1985), considering the merits of the claims, the nature of the factual issues, the litigant's ability to present the claims, and the complexity of the legal issues, see Rucks, 57 F.3d at 979. In the present case, for the reasons discussed above, Glick's claims are meritless. The court therefore did not abuse its discretion in refusing to appoint counsel in this case.

"If we dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes."[4] Jennings v. Natrona County Detention Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir. 1999). The district court correctly determined that Glick's complaints against Romer and Zavaras were frivolous and did not state claims for which relief could be granted, respectively, and its dismissals therefore fall under 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) ("the action . . . is frivolous" and "the action . . .

---

[4] 28 U.S.C. § 1915(e) was formerly codified as § 1915(d). See Washington v. Loving, No. 96-6192, 1997 WL 111259, at **1 n.3 (10th Cir. March 13, 1997).

fails to state a claim for which relief may be granted"). Because this appeal likewise lacks any arguable basis in law or fact, we deem it to be frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Glick incurs strikes one and two for purposes of 28 U.S.C. § 1915(g). He is advised that if he incurs one more strike by filing further frivolous suits or appeals, under the Prisoner Litigation Reform Act of 1995, he will no longer be entitled to proceed in forma pauperis in a civil action in federal court—other than petitions for writ of habeas corpus—not involving "'imminent danger of serious physical injury.'" White v. Colorado, 157 F.3d 1226, 1232 (10th Cir. 1998) (quoting 28 U.S.C. § 1915(g)), cert. denied, 119 S. Ct. 1150 (1999).

We remind Glick of his continuing obligation to pay all installments of the deferred district court and appellate filing fees until they are paid in full. No exception is made for dismissed appeals. See 28 U.S.C. § 1915(b)(2); Jennings, 175 F.3d at 781.

The judgment of the district court is AFFIRMED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge