**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 1 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

FINANCIAL INSTRUMENTS
GROUP, LTD.,

      Plaintiff-Appellee,

v.

NANCY NGAR CHING LEUNG,

      Defendant-Appellant,

  and

NL TRADING; NEW AGE
INTERNATIONAL, INC.;
P.K. TRADING; SECURED
INVESTMENTS,

      Defendants.

No. 01-1205
(D.C. No. 99-K-1071)
(D. Colo.)

---

ORDER AND JUDGMENT   *

---

Before **LUCERO** , **PORFILIO** , and **ANDERSON** , Circuit Judges.

---

*     The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The Court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Nancy Ngar Ching Leung, appearing pro se,[1] appeals the district court's entry of default judgment against her in favor of plaintiff, Financial Instruments Group, Ltd. ("FIG"). FIG, a Colorado corporation in bankruptcy, filed suit against Leung seeking recovery, pursuant to 11 U.S.C. §§ 547(b) and 548, of preferential transfers and fraudulent conveyances totaling $484,621.65 that she received from FIG within one year prior to its bankruptcy filing. Leung contends that the district court abused its discretion in denying her request for dismissal based on her claim of defective service, in denying her motion for change of venue, and in granting default judgment against her for failure to

---

[1]     Leung constantly refers to herself throughout her opening brief and her pleadings as "the Non-Attorney, Non-Lawyer, *Pro Se,* Defendant," and contends in part that the district court erred in not relaxing the pleading standards because of her pro se status. ( *E.g.*, Appellant's Br. at 2.) Yet, Leung's pleadings before this court and the district court demonstrate an obvious legal sophistication, a complete familiarity with the rules of civil procedure, and an excellent command of the English language. This is particularly striking because in a motion seeking to avoid an appearance before the district court, Leung claimed a limited ability to use the English language. As the district court pointed out, "[i]f this defendant is limited in her use of English, someone else is writing [her pleadings] for her. If she is writing [her pleadings] for herself, then quite clearly she is not limited in her ability to use the English language." (Appellee's App. at 170.) The district court expressed concern that an attorney was ghostwriting Leung's pleadings, allowing her to misrepresent her status as a pro se defendant in order to obtain more leeway as an unrepresented party. ( *Id*. at 170–71.) *See also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (calling for liberal construction of pro se pleadings).

        We have carefully reviewed all of Leung's pleadings in this litigation. While we cannot reach any definitive conclusion, we share the district court's concern.

comply with court orders. Because we conclude the district court did not abuse its discretion, we affirm.

# I

FIG filed its complaint in the federal district of Colorado on June 8, 1999. FIG sent Leung, a resident of Illinois, a notice of the lawsuit in July 1999, but she refused service of the complaint by mail and did not provide FIG with her current address. At the same time as it filed its complaint against Leung, FIG commenced litigation against more than 200 other defendants in connection with its bankruptcy proceedings, which it claimed resulted in some delays in effectuating service. FIG was unable to effectuate personal service on Leung until October 16, 1999, eight days more than the 120-day time period set out in Fed. R. Civ. P. 4(m). [2]

Rule 4(m) provides that if service of process "is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice." Rule 4(m) further provides, however, that the court may extend the time for service to be effected if the plaintiff shows "good cause" for the failure

---

[2]     We do not consider Leung's claim that FIG failed to serve her on October 16, 1999 because the summons was merely left in the bushes at her residence. She did not present this argument to the district court, and we will not consider issues raised for the first time on appeal. *See Tele-Communications, Inc. v. Comm'r* , 104 F.3d 1229, 1232 (10th Cir. 1997).

to serve. "If good cause is shown, the plaintiff is entitled to a mandatory extension of time." *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). Moreover, the district court has the discretion to extend the time for service even when the plaintiff has not shown good cause. *Id. at* 840–41.

"Our scope of review applicable to this 'good cause' determination is whether the court abused its discretion." *Hendry v. Schneider*, 116 F.3d 446, 449 (10th Cir. 1997). "The trial court abuses its discretion in determining whether there is 'good cause' if its decision is arbitrary, capricious, or whimsical." *Id*. We conclude that Leung's actual notice of the action and her efforts to avoid service, coupled with the absence of any evidence that FIG was not diligent in its attempts to locate Leung and effect service upon her, demonstrate good cause. Therefore, the district court did not abuse its discretion in refusing to dismiss the action for failure to effect timely service. *See id.* & n.2 (holding that defendant's evasion of service constitutes good cause).

## II

FIG brought this action in the federal district of Colorado, where it is incorporated and where its bankruptcy proceedings are pending. Leung moved for a change of venue, citing 28 U.S.C. § 1404(a), which authorizes the transfer of a case to another district in which the case would be properly brought, for the convenience of parties and witnesses or in the interests of justice. Her basis for

the request was the fact that, as a resident of Illinois who was not represented by counsel, it would be inconvenient for her to travel to Colorado.

"In order to find error in the refusal to transfer under § 1404(a), it must appear that there was a clear abuse of discretion by the trial judge." *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (quotation and alterations omitted). "Unless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed." *Id*. (quotation and alteration omitted). The "party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." *Id*. (quotation omitted). "Merely shifting the inconvenience from one side to the other, however, obviously is not a permissible justification for a change of venue." *Id*. at 966.

Leung did not present any evidence other than her own inconvenience as a reason for the requested change in venue. She claims that she should be given preference as to the place of venue because she is not represented by counsel. Even if we were not already skeptical of this factual assertion, *see, supra, n.1,* we find no authority for giving preference to a defendant's choice of venue merely because of his or her pro se status. We conclude that the district court did not abuse its discretion in denying Leung's motion to transfer this action.

## III

The district court entered a default judgment against Leung after she failed to comply with numerous court orders. During the discovery stage of this litigation, Leung failed to cooperate in the preparation of a court-ordered stipulated scheduling and discovery order, failed to appear at a properly noticed and court-ordered deposition, failed to appear at a court-ordered hearing relating to a discovery motion that she had filed, and failed to timely respond to written discovery.

After Leung failed to appear at the court-ordered hearing on her discovery motion, the district court expressed its displeasure that Leung had failed to comply with the court's orders and outlined the basis for its belief that Leung was misrepresenting her pro se status to the court. (Appellee's App. at 170–71; *see also, supra, n.1* .) Stating on the record that, because of Leung's delays, denials, and refusals to recognize the jurisdiction of the court, it was no longer "going to tolerate this kind of conduct from [Leung]" (Appellee's App. at 171), the district court instructed FIG that if there were "any further failures on the part of [Leung] to comply with the orders of this Court, to move for the entry of default." ( *Id*.)[3]

---

[3] Because Leung had failed to appear for the court hearing at which the district court made these comments, the court ordered that a transcript of the court's rulings be sent to Leung by certified mail.

By pretrial order of September 14, 2000, the district court set December 18, 2000, as the trial date. On December 1, 2000, Leung sought a continuance of the trial date, claiming she was seeking local counsel to represent her in the filing of dispositive pretrial motions. The district court denied her motion because the date for filing such motions had long since passed. However, Leung then represented to FIG that she was selecting counsel to represent her at trial and FIG stipulated to a motion to continue the trial. Having granted the motion, the district court ordered Leung's counsel to enter an appearance by January 18, 2001, and be ready for trial not later than March 18, 2001.

Counsel not having made an appearance of behalf of Leung by the court-ordered deadline, the district court then set a hearing for the entry of default and determination of damages pursuant to its earlier order that "[f]ailure to comply fully with either of these conditions shall result in the entry of default." (*Id.* at 214.) Appellant filed a motion for reconsideration two days before the hearing date. She claimed she had "inadvertently" failed to meet the court's deadline, had diligently attempted to secure local counsel, and was in the process of retaining counsel in Illinois. (*Id*. at 218–19.) Leung did not appear at the court-ordered hearing for entry of default and determination of damages. The district court

denied her motion for reconsideration, entered default judgment against her, and set damages at $481,621.65, based on admissions made by Leung in her deposition.

The Federal Rules of Civil Procedure authorize default judgments against a party who fails to obey a scheduling or pretrial order of the court. *See* Fed. R. Civ. P. 16(f) and 37(b)(2)(C). We review the entry of default judgment for abuse of discretion under the totality of the circumstances. *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872 (10th Cir. 1987). "Because a default judgment is a harsh sanction, due process requires that 'failure' is a sufficient ground only when it is the result of wilfullness, bad faith, or some fault of petitioner rather than inability to comply." *Id*. (quotation and alteration omitted). "We have defined a willful failure as 'any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown.'" *Id.* at 872–73 (quoting *In re Standard Metals Corp*., 817 F.2d 625, 628 (10th Cir. 1987).

Based on our careful review of the record, we are satisfied that Leung wilfully and intentionally failed to comply with numerous scheduling and pretrial orders of the district court and that she was aware of the possible consequences of her failure to do so. We find no abuse of the district court's discretion entering default judgment against Leung.

We **DENY** Leung's motion to strike FIG's supplemental appendix.  The judgment is  **AFFIRMED** .

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge