**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 28 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GARY B. SELF,

      Plaintiff-Appellant,

vs.

AUTOLIV, ASP,

      Defendant-Appellee.

No. 03-4194
(D.C. No.1:01-CV-23-DAK)
(District of Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.[**]

Gary Self appeals from the district court's second dismissal (without prejudice) of his civil rights suit against Autoliv ASP, Inc. ("Autoliv") for failure to serve, after the district court granted him a permissive 60-day extension to effect service. Our jurisdiction arises under 28 U.S.C. § 1291, and our review is for an abuse of discretion. Scott v. Hern, 216 F.3d 897, 912 (10th Cir. 2000).

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

We reversed the district court's first dismissal based upon non-compliance with the procedure for applying Fed. R. Civ. P. 4(m), outlined in Espinoza v. United States, 52 F.3d 838, 840-41 (10th Cir. 1995). Self v. Autoliv, ASP, No. 02-4244, 2003 WL 1522274 (10th Cir. Mar. 25, 2003); see also Self v. Fresenius Med. Care, No. 03-6042, 2003 WL 21386499 (10th Cir. June 17, 2003) (reversing on identical grounds). On remand, the district court afforded Mr. Self an opportunity to show cause. Mr. Self responded that

> [i]f I had tried to serve the defendant without the aid of counsel, I would have been immediately swamped with dismissal motions, summary judgment motions, discovery motions or other such court proceedings I have never even heard of and which I do not have the time, resources, energy or physical or mental capacity to withstand.

R. Doc. 20 at 1. We agree with the district court that a failure to appoint counsel in a civil case does not constitute "good cause" under Rule 4(m), let alone justify a failure to serve within the permissively extended 60-day deadline. See Henderson v. United States, 517 U.S. 654, 658 n.5 (1996) (noting that a court may grant an extension even in the absence of good cause). The district court did not abuse its discretion in declining to appoint counsel under 28 U.S.C. § 1915(e)(1), and it informed Mr. Self that it would reconsider the issue and the appropriate factors for appointment of counsel when the case progressed. See Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995) (discussing factors). This was reasonable, and a pro-se litigant must comply with the federal rules and an order

of the court concerning service.  See Murray v. City of Tahlequah, Okla., 312

F.3d 1196, 1199 n.3 (10th Cir. 2002).

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge