**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 18 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GARY B. SELF,

       Plaintiff-Appellant,

  v.

FRESENIUS MEDICAL CARE, a
corporation, and SOS STAFFING
SERVICES, a corporation,

       Defendants-Appellees.

No. 03-6273

(D.C. No. 02-CV-1143-W)

(W.D. Oklahoma)

**ORDER AND JUDGMENT**  *

Before **EBEL** , **HENRY** , and **HARTZ** , Circuit Judges.

Plaintiff Gary B. Self, appearing pro se, appeals the district court's

dismissal without prejudice of his complaint for failure to serve Fresenius

Medical Care and SOS Staffing Services (Defendants) within 120 days of filing

suit. Exercising jurisdiction under 28 U.S.C. § 1291, we review for abuse of

---

*After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

discretion, see Scott v. Hern, 216 F.3d 897, 912 (10th Cir. 2000), and AFFIRM the district court's decision.

Plaintiff filed suit in the United States District Court for the Western District of Oklahoma on August 19, 2002. According to the complaint: He was hired through SOS Staffing Services to work as a temporary production employee in one of Fresenius's plants, in Ogden, Utah. His employment at Fresenius was terminated on February 8, 2001. Although he was told that he was terminated due to excessive absences, he was discriminated against in violation of the Americans with Disabilities Act (ADA). The Equal Employment Opportunity Commission chose not to pursue the matter.

Plaintiff was permitted to proceed in forma pauperis. After discovering that Plaintiff had not served Defendants, on October 28, 2002, the district court sent Plaintiff all paperwork necessary to allow the United States Marshal to effect service, along with completed samples of the paperwork. The district court instructed Plaintiff to return the forms by November 12, 2002, and advised him that failure to do so could result in the dismissal of his suit.

Rather than completing and returning the forms, on November 12, 2002, Plaintiff filed a motion for appointment of counsel, which the court denied the following day. The district court determined that Plaintiff's complaint (which offered a well-expressed chronology of events) alleged only that he was fired

because of "absences caused by severe [viral] illness which [he had] no control over," R., Doc. 1 at 5, rather than because of any disability as defined by the ADA. The district court found that Plaintiff was capable of adequately presenting his ADA claim without assistance from counsel, despite his assertions that his ability to represent himself was hampered by "severe anxiety and frequent migraine headaches triggered by psychological stress," R., Doc. 4. The court concluded that "in the absence of an affirmative showing of any likelihood of prevailing on the merits of his ADA claim [, Plaintiff] is not entitled to appointed counsel." R., Doc. 5 at 3.

After the district court denied his request for appointed counsel, Plaintiff took no further action in the case, failing to serve Defendants or complete the paperwork necessary for the marshals to do so. Thus, on January 10, 2003, the district court, relying on its inherent power to control its docket, dismissed Plaintiff's complaint without prejudice. Plaintiff appealed to this court. We held that before the district court may dismiss Plaintiff's complaint without prejudice for failure to prosecute under Federal Rule of Civil Procedure 4(m), it must first afford him an opportunity to show cause why the complaint should not be dismissed. See Self v. Fresenius Medical Care, No.03-6042, 2003 WL 21386499 (10th Cir. June 17, 2003) (citing Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995)). Because we found no indication that the district court had

inquired as to "whether the plaintiff has shown good cause for the failure to timely effect service," id. (internal quotation marks omitted), we reversed and remanded.

On remand the district court ordered Plaintiff to appear at a hearing at 10:00 a.m. on August 27, 2003 "to show cause why he failed to timely complete and return the papers sent to him which would have enabled the United States Marshal to serve the defendants," and advised Plaintiff "that his failure to appear at the designated time and date [would] result in dismissal of [his] lawsuit." R., Doc. 14 at 4. Instead of appearing at the hearing, on August 26, 2003, Plaintiff filed a written response to the district court's order, in which he again requested appointed counsel. Plaintiff explained that he had not completed the paperwork necessary to serve Defendants because if he had done so without counsel, he "would have been immediately swamped with dismissal motions, summary judgment motions, discovery motions or other such court proceedings I do not know how to handle and which I do not have the resources, energy, or physical or mental capacity to withstand." R., Doc. 15 at 1. Plaintiff continued, "The physical and emotional stress this sort of abuse would have imposed on me would have been unbearable and could induce a stroke." Id.

The district court reexamined the record and reaffirmed its earlier determination that Plaintiff was not entitled to appointed counsel. It then held

that Plaintiff had not adequately demonstrated good cause for failing to serve Defendants, and dismissed Plaintiff's complaint without prejudice. Plaintiff again appealed to this Court.

Plaintiff raises two issues on appeal. First, Plaintiff contends that he showed good cause for his failure to serve process on Defendants within 120 days, and thus the district court abused its discretion by dismissing his complaint. Second, Plaintiff contends that the district court abused its discretion in denying his request for appointed counsel by failing to read his complaint.

Plaintiff recently made similar arguments in an attempt to justify his failure to serve a different defendant in another ADA suit. See Self v. Autoliv, ASP, 2003 WL 22436262 (10th Cir. Oct. 28, 2003) ("failure to appoint counsel in a civil case does not constitute 'good cause' under Rule 4(m)"). Although in that case the district court had granted Plaintiff a sixty-day permissive extension prior to dismissing his complaint, dismissal without prejudice is also within the district court's discretion. See Scott, 216 F.3d at 912. We reject Plaintiff's arguments for substantially the same reasons outlined in the Autoliv order and judgment and in the district court's August 28, 2003, order in this case.

AFFIRMED.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge