**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 6 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

MICHAEL SENA,

    Plaintiff-Appellant,

v.

WACKENHUT CORPORATION; JOE R.
WILLIAMS, Warden, Lea County
Correctional Facility; BRUCE TRAVIS,
Infirmary Administrator,

    Defendants-Appellees.

-------------------

MICHAEL SENA,

    Plaintiff-Appellant,

v.

BRUCE TRAVIS, Infirmary Administrator,

    Defendant-Appellee.

No. 00-2123
(D. N.M.)
(D.Ct. No. CIV-99-1307-JP/DJS)

No. 00-2226
(D. N.M.)
(D.Ct. No. CIV-99-1307-JP/DJS)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

_____

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Michael Sena appeals the district court's decisions dismissing his complaint filed pursuant to 42 U.S.C. § 1983. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Mr. Sena is currently incarcerated at a correctional institution in New Mexico. On November 8, 1999, Mr. Sena filed his § 1983 complaint, alleging cruel and unusual punishment in violation of the Eighth Amendment by Warden Joe Williams, Infirmary Administrator Bruce Travis and Wackenhut Corporation (Wackenhut). In support of his complaint, Mr. Sena essentially raised the doctrine of respondeat superior, claiming Mr. Williams and Wackenhut, through their employees, denied him prompt medical attention, beginning in June 1999, for a dental condition that caused him "unbearable pain." The district court dismissed the complaint against Mr. Williams and Wackenhut pursuant to 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6). In so doing, the district court

refused to apply the doctrine of respondeat superior to Mr. Williams and Wackenhut, finding Mr. Sena failed to "affirmatively link them to the alleged violation" or allege their personal involvement in the constitutional deprivation.

As to Mr. Travis, the district court directed the clerk of court to issue a summons for Mr. Travis in his individual capacity. Later, when service was not accomplished, a magistrate judge ordered Mr. Sena to cure the deficiency by requesting personal service. After Mr. Sena requested personal service, the district court ordered the United States Marshal to serve Mr. Travis. After the United States Marshal was unable to execute service because Mr. Travis left the state without leaving a forwarding address, the district court issued an order to show cause, pursuant to Fed. R. Civ. P. 4(m), directing Mr. Sena to provide a current address for Mr. Travis or show cause why the action should not be dismissed. In his response, Mr. Sena claimed he could not acquire the address of Mr. Travis because he 1) was incarcerated, 2) "was not familiar with [Mr.] Travis as a person," and 3) could not obtain information from the prison because it possessed no information on Mr. Travis' location. Finding Mr. Sena did not establish good cause, the district court dismissed the action against Mr. Travis without prejudice.

On appeal, Mr. Sena claims the district court erred in dismissing his respondeat superior claim against Mr. Williams and Wackenhut. Specifically, Mr. Sena claims they are liable for the actions and torts committed by their employees, including the hiring of medical administrators. Mr. Sena also asserts the district court erred in placing the burden on him to serve Mr. Travis, thereby "penalizing" him for the United States Marshal's failure to execute service by dismissing the complaint against Mr. Travis. Finally, Mr. Sena makes an unintelligible argument that, because the district court did not direct the United States Marshal to serve the complaint until 150 days after its filing, "the Lower Court erred in dismissing complaint based [on] a federal tolling statute of limitations after statute was tolled."[1]

We review *de novo* dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6). *See Perkins v. Kansas Dep't of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999). Dismissal of Mr. Sena's *pro se* complaint for failure to state a claim is proper only if it is obvious he cannot prevail on the facts alleged and it would be futile to give him an opportunity to

---

[1] Mr. Sena filed two appeals – one concerning the dismissal of the warden and Wackenhut and the other regarding the dismissal of Mr. Travis. We have consolidated Mr. Sena's two appeals and address them together.

-4-

amend. *Id.* In determining if dismissal is proper, we liberally construe Mr. Sena's *pro se* complaint; accept its allegations as true; and construe those allegations, and any reasonable inference drawn therefrom, in the light most favorable to Mr. Sena. *Id.* We review the district court's dismissal of Mr. Sena's complaint against Mr. Travis for failure to effect service for abuse of discretion. *See Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir. 1995).

We begin with the district court's dismissal of Mr. Williams and Wackenhut. We have held supervisors are not liable under § 1983 for the acts of their subordinates, absent personal participation by those supervisors in the alleged constitutional deprivation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Given Mr. Sena makes only conclusory allegations Mr. Williams and Wackenhut are responsible for his injury based in part on their hiring of Mr. Travis, Mr. Sena has not shown the requisite proof of their participation in the alleged deprivation. Thus, as the district court determined, it would be futile to give Mr. Sena an opportunity to amend. Accordingly, we agree with the district court's dismissal of the complaint against Mr. Williams and Wackenhut for the same reasons.

With respect to the district court's dismissal of Mr. Travis, the inquiry a

district court must make before dismissing a claim pursuant to Fed. R. Civ. P. 4(m) is to determine whether the plaintiff showed good cause for his failure to timely effect service, and if not, whether a permissive extension is warranted. *See Espinoza*, 52 F.3d at 841. After conducting this inquiry, the district court may, in its discretion, dismiss the case without prejudice or extend the time of service. *Id.* Under the circumstances presented in this case, we hold the district court did not abuse its discretion in determining Mr. Sena failed to show cause for not effecting service on Mr. Travis. Mr. Sena's contentions that he is currently incarcerated, never personally knew Mr. Travis, and cannot get information from prison officials because they do not know Mr. Travis' whereabouts, are insufficient to establish good cause.

Finally, Mr. Sena's argument regarding the tolling of the statute of limitations lacks merit. The fact the district court did not direct the United States Marshal to serve the summons until 150 days after Mr. Sena filed the complaint did not toll any statute of limitations.[2]

---

[2] In this case, the injury Mr. Sena sustained began in June 1999 and continued until at least November 1999 when he filed his complaint. "Limitation periods in § 1983 suits are to be determined by reference to the appropriate state statute of limitations and the coordinate tolling rules." *Hardin v. Straub*, 490 U.S. 536, 539 (1989) (quotation marks omitted). In this case, New Mexico's three-year personal injury statute of limitations under N.M. Stat. Ann. § 37-1-8 applies. *See Industrial Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994). Thus, even if

Thus, for substantially the same reasons articulated by the district court, we

**AFFIRM** the district court's dismissal of Mr. Sena's complaint.


**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

---

the 150-day delay in service somehow affected the limitation period, the statute of limitations had not run, contrary to Mr. Sena's contentions.