**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 26, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHRISTOPHER NATHANIEL
WASHINGTON,

      Plaintiff-Appellant,

v.

MARY CORREIA,

      Defendant-Appellee.

No. 13-3098
(D.C. No. 6:12-CV-01056-JTM-KMH)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

Proceeding pro se,[1] Christopher Washington, a California state inmate,

appeals from the district court's dismissal of his contract and fraud action against

---

[*]      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

      This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1]      Because Mr. Washington is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

Mary Correia for failure to effect service of process. For the reasons that follow, we **affirm** the district court's rulings.

## I

While imprisoned in California, Mr. Washington filed a diversity suit against Mary Correia in the District of Kansas, alleging breach of contract and fraud. The clerk's office directed Mr. Washington to provide Ms. Correia's address so that she could be served. When it emerged that Mr. Washington did not have the address, the district court granted him an extension to obtain it but declined to allow him discovery tools to get the address from the apartment manager of Ms. Correia's former apartment. Mr. Washington later offered an address for Ms. Correia, but the summons was returned unexecuted. More than a year having passed from the filing of the complaint with no effectuation of service in sight, the district court dismissed the action without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

## II

On appeal, Mr. Washington raises the following issues: (1) the district court erred in failing to order expedited discovery; (2) the district court erred in denying Mr. Washington's request for a finding of constructive service; and (3) the district court violated Mr. Washington's constitutional rights. We take up—and reject—each argument in turn.

## A

The district court denied Mr. Washington's request for expedited discovery to allow him to ascertain Ms. Correia's address, reasoning that he had failed to make a "*concrete* showing of a prima facie claim." R. at 53 (Mem. & Order, filed Sept. 10, 2012) (quoting *Arista Records, LLC v. Doe* 3, 604 F.3d 110, 119 (2d Cir. 2010)) (internal quotation marks omitted). The district court further reasoned that Mr. Washington had failed to demonstrate that he had explored other means to obtain Ms. Correia's address, such as consulting phone directories and conducting Internet searches.

Mr. Washington now insists he was entitled to early discovery. He makes no argument to this effect other than to reiterate his belief that the apartment manager knows Ms. Correia's current address, and to flatly state that he alleged sufficient facts to entitle him to the discovery order he sought. These arguments, such as they are, have no merit.

"We review the district court's discovery order for abuse of discretion." *McBride v. Peak Wellness Ctr., Inc.*, 688 F.3d 698, 703 (10th Cir. 2012) (quoting *Trentadue v. FBI*, 572 F.3d 794, 806 (10th Cir. 2009)) (internal quotation marks omitted). It was well within the court's discretion to decline to authorize expedited discovery. As an initial matter, the district court's application of the *Arista Records* test, *see* 604 F.3d at 119, was reasonable, as its description of the complaint and Mr. Washington's filings was accurate. Additionally, it is not clear

3

that a plaintiff has any right to discover the address of an identified defendant before the defendant is served, as *Arista Records* and similar cases dealt with attempts to *identify* an unknown defendant operating anonymously on the Internet, which represents a very different circumstance and a world unto itself. *See id.* at 112 (involving an appeal from denial of a motion "to quash a subpoena served on his Internet service provider to obtain information sufficient to disclose his identity"). *See generally* Robert G. Larson & Paul A. Godfread, *Bringing John Doe to Court: Procedural Issues in Unmasking Anonymous Internet Defendants*, 38 Wm. Mitchell L. Rev. 328, 330 (2011) ("Without a clearly identifiable defendant, a plaintiff has little chance of recovery, and while anonymous defendants are not a phenomenon unique to the Internet, the prevalence of the Internet in modern society has exacerbated this problem."). In light of the district court's reasonable findings regarding Mr. Washington's complaint and his failure to pursue other means to determine the address, and in light of the fact that no authority made clear that Mr. Washington had any right to the discovery he sought, the district court did not abuse its discretion in denying expedited discovery.

**B**

Mr. Washington appears to believe he constructively served Ms. Correia, and that it was therefore unnecessary for him to effectuate personal service. He presents no argument or authorities in support. "We review under an abuse-of-

4

discretion standard the decision to dismiss a defendant for failure of proper service." *Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010) (quoting *Bolden v. City of Topeka*, 441 F.3d 1129, 1146 (10th Cir. 2006)) (internal quotation marks omitted). Given that Mr. Washington has not claimed that he published the complaint or the like, the only theory of constructive service that we can conceive of him relying upon is that it was sufficient that the summons was dropped in the mail, no matter that it was returned unread. However, the law of Kansas applies to the question, Fed. R. Civ. P. 4(e)(1), and it does not subscribe to such a theory, *see Owen Lumber Co. v. Chartrand*, 157 P.3d 1109, 1115 (Kan. 2007). There was no constructive service, and the district court plainly did not abuse its discretion in dismissing the action for failure to serve.

## C

Mr. Washington contends the district court violated the rights that he is guaranteed under the Due Process Clause of the Fourteenth Amendment and Article III, Section 2 of the U.S. Constitution.[2] Again, his brief is bereft of any substantiation for this assertion. Article III, Section 2 sets forth the jurisdiction of the federal courts and has no apparent relationship to Mr. Washington's case.

---

[2] Mr. Washington also makes a bald reference here to a purported violation of his rights under the Seventh Amendment. However, Mr. Washington does nothing to demonstrate the relevance of the Seventh Amendment to his circumstances and the relevancy of this provision is not patent to us. Accordingly, we do not pursue this matter further.

The only possible due-process claim that we can make out would be based on denial of access to the courts.  If we understand Mr. Washington to raise such a claim, it fails.  Where a litigant asserts that he has been impeded from accessing the courts in violation of his due-process rights, we ask whether the impediment "'unduly' burdens [the litigant's] access to the judicial process, which in turn is determined by balancing the interest [the litigant] seeks to assert in court against the government's interest in" creating the impediment.  *Otasco, Inc. v. United States*, 689 F.2d 162, 165 (10th Cir. 1982).

The purely monetary interests Mr. Washington seeks to vindicate in his complaint do not "touch on fundamental interests" and so weigh lightly on the scale.  *Id.*  By contrast, the government has a significant interest in seeing that judgments are only levied against parties who have been notified and allowed to speak in their own defense.  *See, e.g.*, *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 846 (1999) (discussing the connection between service of process and "our deep-rooted historic tradition that everyone should have his own day in court" (quoting *Martin v. Wilks*, 490 U.S. 755, 762 (1989)) (internal quotation marks omitted).  In fact, due-process concerns very clearly support the need for service-of-process rules, *id.*, not the need to ignore them.  And, of course, it also furthers an important governmental interest in conserving scarce judicial resources to place the onus squarely on plaintiffs to track down the whereabouts of defendants to effectuate service—rather than obliging the courts to assist in this

6

endeavor—even when the plaintiffs are in prison. *Cf. Sena v. Wackenhut Corp.*, 3 F. App'x 858, 861 (10th Cir. 2001) (upholding a district court's dismissal pursuant to Rule 4(m) where an incarcerated plaintiff was unable to find an address at which to serve the defendant). Mr. Washington's constitutional rights were honored

## III

For the reasons detailed above, we **affirm** the district court's rulings.

Entered for the Court

JEROME A. HOLMES
Circuit Judge

7