FILED
United States Court of Appeals
Tenth Circuit

November 21, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CHARLES DALE WILKINS,

     Plaintiff - Appellant,

v.

JERRY CHRISMAN; COURTNY REED;
CAROLE M. DENTINA; VIVEK
KHETPAL; BRENDA BIRCHFIELD,

     Defendants - Appellees.

No. 16-7024
(D.C. No. 6:15-CV-00190-RAW-SPS)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **GORSUCH**, and **MATHESON**, Circuit Judges.
_____

Plaintiff-Appellant Charles Wilkins, a state inmate proceeding pro se, appeals

from the district court's order dismissing his civil rights action under Fed. R. Civ. P.

12(b)(6). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.     Background

Mr. Wilkins is incarcerated at the Mack Alford Correctional Center ("MACC")

in Oklahoma. In 2014, he was a passenger in a MACC transport van that collided

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

with a truck.  He complained of chest, shoulder, and leg pain at the accident scene so he was taken to a medical center for emergency care.  He was then transferred to another medical center, where he spent four days.  Both facilities performed CT scans.  When he was discharged, Wilkins was instructed not to work for at least a week and to follow a low-salt diet.  After his return to MACC, he received treatment by medical providers outside of and within MACC; nevertheless, he continued to complain about his chest, shoulder, and abdominal areas and also about the lack of proper medical treatment from MACC staff.  Six months later, a doctor informed Wilkins he had a broken sternum, severe left shoulder trauma requiring immediate surgery, several broken ribs, and a chipped bone in his knee.

Wilkins filed a civil rights complaint under 42 U.S.C. § 1983 against Jerry Chrisman (the former warden at MACC), Courtny Reed (the Oklahoma Department of Corrections officer who was driving the transport van during the accident), Brenda Birchfield (a medical administrator at MACC), Dr. Carole Dentina (the doctor at the first medical facility), and Dr. Vivek Khetpal (the doctor at the second medical facility), suing each defendant in his or her individual and official capacities.  He asserted state-law negligence claims and violations of his Eighth and Fourteenth Amendment rights and sought compensatory and punitive damages for his injuries.

Chrisman, Reed, Birchfield, and Khetpal filed a motion to dismiss, which was granted.  The district court held: (1) Wilkins could not bring an official-capacity, state-law negligence claim against Reed (or any other defendant) because the State of

Oklahoma is the only proper defendant under the Oklahoma Governmental Tort Claims Act ("GTCA"); (2) the GTCA exempts Chrisman, Reed, and Birchfield from tort liability in their individual capacities; (3) the official-capacity, § 1983 claims against Birchfield and Chrisman are claims against the State of Oklahoma that are precluded by the Eleventh Amendment and principles of sovereign immunity; (4) Wilkins did not show personal participation by Chrisman and Birchfield as required to support the alleged constitutional violations; and (5) Wilkins did not show Khetpal was acting under color of state law as required to state a § 1983 claim. The court declined to exercise jurisdiction over the state-law claims against Khetpal.

Dentina was not served in accordance with Fed. R. Civ. P. 4(m). The district court held that Wilkins did not show good cause for the lack of service and in any event, service would be futile given his failure to demonstrate Dentina was acting under color of state law. The court dismissed the claims against Dentina under 28 U.S.C. § 1915A(b) for failure to state a claim and imposed a "strike" under 28 U.S.C. § 1915(g).

## II.     Analysis

Wilkins does not contest the district court's dismissal of his claims against the prison officials in their official capacities. In addition, he expressly concedes that the prison officials are immune from tort claims in their individual capacities and that punitive damages are inappropriate under the GTCA. *See* Aplt. Opening Br., Att. C.

Wilkins raises only two issues on appeal. First, he asserts the district court erred in dismissing his § 1983 claim for failure to demonstrate that Khetpal was

3

acting under color of state law. And second, he asserts the district court erred in dismissing his claim against Dentina for failure to comply with Rule 4(m).

## A.   Claim Against Dr. Khetpal

We review de novo the district court's dismissal of Wilkins' claim against Khetpal for failure to state a claim, accepting all well-pleaded factual allegations as true. *Howard v. Waide*, 534 F.3d 1227, 1242–43 (10th Cir. 2008). Because Wilkins is proceeding pro se, "we construe his pleadings liberally." *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). But a complaint "that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" or "tenders naked assertions devoid of further factual enhancement" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and brackets omitted). We make some allowances for deficiencies, such as unfamiliarity with pleading requirements, failure to cite appropriate legal authority, and confusion of legal theories. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.* And we "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

We affirm for substantially the same reasons provided by the district court. "Section 1983 provides a federal civil remedy for the 'deprivation of any rights, privileges, or immunities secured by the Constitution' by any person acting under

4

color of state law." *McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011) (quoting 42 U.S.C. § 1983). Khetpal is a physician at a private medical center, and Wilkins has not pleaded sufficient facts to allow the court to reasonably infer that Khetpal was acting under color of state law when he treated Wilkins after the accident. *See Pino v. Higgs*, 75 F.3d 1461, 1465 (10th Cir. 1996) ("In order to hold a private individual liable under § 1983, it must be shown that the private person was jointly engaged with state officials in the challenged action, or has obtained significant aid from state officials, or that the private individual's conduct is in some other way chargeable to the State." (internal quotation marks and brackets omitted)). His complaint proffers only vague and conclusory allegations to this effect, and his appellate brief merely assumes this prerequisite to liability.

**B.      Claim Against Dr. Dentina**

Wilkins contends the district court erred in dismissing his claim against the other private doctor, Dentina, for failure to comply with Rule 4(m). This contention lacks merit. As an initial matter, although the district court found that Wilkins did not show good cause for his failure to serve Dentina, it actually dismissed the claim against Dentina for failure to state a claim. *See* R. at 103 ("Therefore, Dr. Dentina is dismissed without prejudice from this action, pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted."); *id.* at 104 (same).

We agree with the district court's reasoning. Like Khetpal, Dentina is a physician at a private medical center. Yet here too Wilkins has not demonstrated— through his complaint or appellate brief—that Dentina was acting under color of state

5

law when she treated him.  Again, his vague and conclusory allegations fail to show this important prerequisite to § 1983 liability is plausible on its face.

Furthermore, to the extent, if any, the untimely service of process did factor into the dismissal, we perceive no abuse of discretion based on our careful review of the record.  *See Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir. 1995) ("We review the district court's dismissal for untimely service for an abuse of discretion."). "A pro se litigant is still obligated to follow the requirements of Fed. R. Civ. P. 4." *DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993); *see also F.D.I.C. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992) (explaining that the burden of establishing validity of service rests with the plaintiff).  Wilkins did not provide the United States Marshals with a valid address for Dentina, preventing them from effecting service during the timeframe specified in Rule 4(m).

### III.   Conclusion

The judgment of the district court is affirmed.  The district court granted Wilkins' motion to proceed on appeal without prepayment of costs or fees.  We remind him of his obligation to continue making partial payments until his filing fee is paid in full.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

6